A-0241
UV632

**PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY PERSON IN STATE CUSTODY**

| United States District Court | District | EASTERN | | |
|---|---|---|---|---|
| Name    LACAL LUCKY WILSON | Prisoner No.    093801 | Docket No. | | |

Place of Confinement

Louisiana State Penitentiary
Angola, LA 70712

**10-161**

**SECT. I MAG. 6**

Name of Petitioner (include name upon which convicted)

Name of Respondent (authorized person having custody of prisoner)

LACAL LUCKY WILSON                    V.    N. Burl Cain, Warden Louisiana State Penitentiary

The Attorney General of the State of :    Louisiana
Buddy Caldwell

**PETITION**

1. Name and location of court which entered the judgment of conviction under attack:    22nd Judicial District
Court, Parish of St. Tammany, P.O. Box 1090, Covington, LA 70434

2. Date of Judgment of conviction    March 15, 2005

3. Length of sentence    Life Imprisonment w/o benefits as a Fourth Felony Offender

4. Nature of offenses involved (all counts)    Simple Burglary - LSA-R.S. 14:62




5. What was your plea? (Check one)

   (a) Not Guilty    [X]

   (b) Guilty    [ ]

   (c) Nolo contendere    [ ]

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:



6. Kind of trial: (Check one)

   (a) Jury    [X]

   (b) Judge only    [ ]

   **TENDERED FOR FILING**

7. Did you testify at the trial?
   Yes [ ]  No [X]

   **JAN 13 2010**

8. Did you appeal from the judgment of conviction?
   Yes [X]  No [ ]

   **U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk**

Fee _Pauper_
Process _____
x_ Dktd _____
__CtRmDep_____
__Doc. No._____

AO241
UV682

9.   If you did appeal, answer the following:

(a) Name of Court:  Louisiana First Circuit Court of Appeal

(b) Result:     Affirmed

(c) Date of result:    November 2, 2006

(d) Grounds raised:     (1) Insufficient Evidence; (2) Denial of Motion for New Trial; (3) Denial of Post-Verdict

of Acquittal; (4) Erroneous Instruction on Flight

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any
petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes  ☒  No  ☐

11.  If your answer to 10 was "yes" give the following

(a)   (1)   Name of court:   22nd Judicial District Court

(2)   Nature of proceeding:  Postconviction Application (state habeas petition)

(3)   Grounds raised:  Ineffective Assistance of Counsel

(4)   Did you receive, an evidentiary hearing on your petition, application or
Yes  ☐    No  ☒

(5)   Result:   Denied

(6)   Date of result:    June 4, 2008

(b)   As to any second petition, application or motion give the same information.

(1)   Name of court:   Louisiana First Circuit Court of Appeal

(2)   Nature of proceeding:  Supervisory Writ of Review of Postconviction Claims

AO241
UV/82

    (3)   Grounds raised:  Same as in postconviction application

_____

_____

_____

_____

_____

    (4)   Did you receive, an evidentiary hearing on your petition, application or motion?

        Yes ☐    No ☒

    (5)   Result:  Writ Denied

    (6)   Date of result:  February 2, 2009

(c)   As to any third petition, application or motion give the same information.

    (1)   Name of court:  Louisiana Supreme Court

    (2)   Nature of proceeding:  Writ of Certiorari

    (3)   Grounds raised:  Same as in postconviction application

_____

_____

_____

_____

_____

    (4)   Did you receive, an evidentiary hearing on your petition, application or

        Yes ☐    No ☒

    (5)   Result:  Denied

    (6)   Date of result:  December 18, 2009

(d)   Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

    (1) First petition, etc.         Yes ☒   No ☐

    (2) Second petition, etc.       Yes ☒   No ☐

    (3) Third petition, etc.        Yes ☐   No ☐

(e)   If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you

_____

_____

_____

12.  State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.
    CAUTION: In order to proceed in the federal court you ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO241
UW82

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(I) Denial of effective assistance of counsel.

(J) Denial of right of appeal.

A. Ground one:  Ineffective Assistance of Counsel

Supporting FACTS: (tell your story briefly without citing cases or law):  Counsel failed to file motion to suppress suggestive show-up identification of petitioner. Counsel also failed to challenge through cross-examination the inconsistencies in the description of the perpetrator by the state eyewitnesses, and bring to the court's attention petitioner suffers from a long-term mental history of schizophrenia that renders him incompetent to understand the proceedings against him.

B. Ground two:

Supporting FACTS: (tell your story briefly without citing cases or law):

C. Ground three:

Supporting FACTS: (tell your story briefly without citing cases or law):

D. Ground four: _____

    Supporting FACTS: (tell your story briefly without citing cases or law):

E. Ground five: _____

    Supporting FACTS: (tell your story briefly without citing cases or law):

13. If any of the grounds listed in 12 A, B, C, D, and E were not previously presented in any other court, state or federal, state briefly what grounds were not so presented, and give you reasons for not presenting them.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

    Yes [ ]   No [X]

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing:    Indigent Defender's Office

    (b) At arraignment and plea    same as above

A0341
UV682

(c) At trial:    Indigent Defender's Office

(d) At sentencing::    same as above

(e) On Appeal:    La. Appellate Project

(f) In any post conviction proceeding:

None

(g) On appeal from any adverse ruling in a post-conviction proceeding:

None

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes [ ]    No [X]

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes [ ]    No [X]

(a)  If so, give name and location of court which imposed sentence to be served in the future:

(b)  Give date and length of the above sentence:

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes [ ]    No [X]

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_1/4/2010_____
Date

x _Lacal Law'Sova_____
Signature of Petitioner

IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


CIVIL ACTION NUMBER_____


LACAL LUCKY WILSON, *Petitioner*

VERSUS

BURL CAIN, WARDEN,
LA. STATE PENITENTIARY, *Respondent*


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
PETITION FOR WRIT OF HABEAS CORPUS
WITH MEMORANDUM OF LAW IN SUPPORT
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORIGINAL BRIEF FILED ON BEHALF OF:
LACAL LUCKY WILSON - PETITIONER


RESPECTFULLY SUBMITTED BY:

x _Lacal Luwilson_
LACAL LUCKY WILSON #093801
T.U.-UPPER D - CELL #8
LA. STATE PENITENTIARY
ANGOLA, LA  70712

## TABLE OF CONTENTS

PAGE NO.

BRIEF IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS ................. 1

STATEMENT OF JURISDICTION .............................................. 1

CONSTITUTIONAL AND FEDERAL PROVISIONS INVOLVED ...................... 2

PROCEDURAL HISTORY OF CASE ............................................ 2

STANDARD OF REVIEW ..................................................... 3

ISSUE PRESENTED ........................................................ 3

CONCLUSION ............................................................ 10

PRAYER ............................................................... 11

VERIFICATION OF APPLICATION FOR WRITS ................................ 13

## TABLE OF AUTHORITIES

PAGE NO.

CONSTITUTIONS

U.S.C.A. Const. Amend. 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

U.S.C.A. Const. Amend. 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATUTES

28 U.S.C. § 2254(d)(1)-(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 USC § 2241 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 USC § 2254(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

La.R.S. 15:529.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

LSA-R.S. 14:62 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CASE CITATIONS

U.S. v. Ex rel Williams, 863 F.Supp. 697 (N.D. Ill. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . 6

Berryman v. Morton, 100 F.3d 1089, 1099 (3 Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Blackburn v. Foltz, 828 F.2d 1177, 1183 (6th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Kinnard v. United States, 313 F.3d 933, 935 (6th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . 8

Lindstadt v. Keane, 239 F.3d 191, 204 (2 Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Lockhart v. Fretwell, 506 U.S. 364, 369 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Manson v. Braithwaite, 432 U.S. 98 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Neal v. Puckett, 286 F.3d 230, 236 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Neil v. Biggers, 409 U.S. 188, 198 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Rompilla v Beard, 545 U.S. 374 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

State v. Dauzat, 364 So.2d 1000, 1002 (La. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Strickland v. Washington, 466 U.S. 668 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Tomlin v. Myers, 30 F.3d 1235, 1238 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Williams v. Taylor, 529 U.S. 362 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LACAL L. WILSON                        CIVIL ACTION NO:_____
*Petitioner*

VERSUS                               FILED:_____

BURL CAIN, WARDEN             _____
LA. STATE PENITENTIARY       Deputy Clerk
*Respondent*

## BRIEF IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS
## FILED PURSUANT TO 28 U.S.C., §§ 2241 AND 2254

**NOW INTO COURT** comes, Petitioner **LACAL LUCKY WILSON**, in proper person, who respectfully present his arguments and reasons herein as to why this Honorable United States District Court, Eastern District of Louisiana, should, after a full review of the record and pleadings contained herein, grant relief causing the Writ to be issued on his behalf and against Respondent ordering that either his conviction for simple burglary and/or subsequent adjudication as a multiple offender be vacated. Wilson request that he be remanded for an evidentiary hearing to determine the merits of his claims. On behalf of Wilson's Petition for Writ of Habeas Corpus, he respectfully presents that:

### STATEMENT OF JURISDICTION

Under 28 USC § 2241, federal courts have jurisdiction to entertain a state prisoner's habeas corpus petition if his confinement is the result of a violation of federal law. Further, jurisdiction arises under 28 USC § 2254(a); federal judges shall entertain habeas corpus application "on behalf of a person in custody pursuant to the judgment of a state court on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States."

Now, this petition is respectfully filed into the United States District Court for the district in which petitioner was indicted, tried, unlawfully convicted and sentenced.

1

## CONSTITUTIONAL AND FEDERAL PROVISIONS INVOLVED

U.S.C.A. Const. Amend. 6 provides in pertinent part as follows: ". . .to have the assistance of counsel for his defense." "The right to a fair and impartial jury."

U.S.C.A. Const. Amend. 14 provides in pertinent part as follows: ". . .nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of law..."

## PROCEDURAL HISTORY OF CASE

Lacal Lucky Wilson was charged by bill of information with one count of simple burglary of an vehicle belonging to Drake Clark, in violation of LSA-R.S. 14:62. On March 15, 2005, a six-member jury trial was held in the 22nd Judicial District Court, Parish of St. Tammany, where the petitioner was found guilty as charged. On June 29, 2005, motions for new trial and post-verdict judgment of acquittal was denied.

On June 29, 2005, the State of Louisiana filed a multiple offender bill of information under LaR.S. 15:529.1, alleging Wilson to be a fourth felony offender, in which petitioner denied. On November 10, 2005, after a hearing was held, the trial court adjudicated a fourth-felony offender and subsequently sentence him to life imprisonment without the benefit of parole, probation or suspension of sentence.

Petitioner's direct appeal was denied by the First Circuit Court of Appeal on November 2, 2006. Petitioner timely filed an application for post-conviction relief in the district court which was denied on June 4, 2008. A writ of review to the First Circuit Court of Appeal in Docket No. 08-KW-2034 was subsequently denied on February 2, 2009.

Petitioner's writ of certiorari to the Louisiana Supreme Court was subsequently denied on December 18, 2009 in Docket No. 2009-KH-0602.

## STANDARD OF REVIEW

In a habeas corpus proceeding, the court review finding of fact for clear error and issues

of law *de novo*. Because petitioner's petition for habeas relief is being filed after April 24, 1996,

the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") governs. Under the AEDPA, this

Court cannot grant habeas relief to a state prisoner "with respect to any claim that was adjudicated

on the merits in State court proceedings" unless the state decision "was contrary to, or involved

an unreasonable application of, clearly established [f]ederal law."

28 U.S.C. § 2254(d)(1)-(2) provides in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

## ISSUE PRESENTED

WHETHER PETITIONER WAS DENIED EFFECTIVE REPRESENTATION WHEN TRIAL
COUNSEL FAILED TO CHALLENGE THE IDENTIFICATION PROCEDURES THAT LED TO
THE MISIDENTIFICATION OF PETITIONER AS THE PERPETRATOR OF THE CRIME FOR
WHICH HE STANDS CONVICTED?

Petitioner contends that he was denied effective assistance of counsel under the Sixth and

Fourteen Amendments to the United States Constitution when his trial counsel failed to challenge

the identification procedures utilized by the State that has resulted in his misidentification as the

perpetrator of a burglary he did not commit. Because the state habeas court failed to address

*Strickland's* deficient performance prong in connection with this aspect of Wilson's multi-faceted

ineffective ineffective assistance claim, this Court's analysis of same is must be *de novo*. See,

Rompilla v Beard, 545 U.S. 374 (2005).

3

The facts of this case support that on a cold night on December 2, 2003, Mr. Drake Clarke, his wife and several friends were upstairs in Drake's Design Studio drinking beer, playing pool and ping-pong when Clarke allegedly heard a noise through an open window. He went downstairs to investigate the noise and did not see anyone or any damage to his car, so returned upstairs. Five minutes later, Clarke and one of his companions again alleged that they heard a noise. Mr. Clarke looked out the window and observed a man inside of his car. Clarke, Niles Guerra and another male friend went downstairs, where Guerra admitted he could not see the man face, but he recognized it was a "black man" by his hands, going through the pockets of a jacket in the car. After making it downstairs, Mr. Wilson was allegedly observed standing approximately ten feet or more from the car. From that evidence, Clarke and his friends believed it must have been Wilson in his car. Clarke's wife called the Slidell Police Department and reported that a burglary was in progress.

After being questioned by Mr. Clarke, Wilson denied he was the person in the car and told him he did not have anything belonging to him, then simply walked off. Mr. Guerra then got in his vehicle and followed Wilson until the police arrived. The police quickly apprehended Wilson and returned him to the scene where Wilson denied being the person who broke in Clarke's car. Mr. Clarke admitted nothing was taken and that was his car was not damaged. Nevertheless, based on the Clarke and Guerra's identification of Wilson as being the person they saw standing by the car when they came downstairs, Wilson[1] was arrested and charged with simple burglary.

A review of the trial court records in this case support that defense counsel failed to file any pre-trial motions pertaining to the suppression of suggestive identification, and a complete and

---

[1] Lacal Lucky Wilson is well-known by all police officers in Slidell, LA due to the fact that he has been arrested numerous times for crimes of simple burglary. He is also well-known because of his documented mental health history and has been hospitalized on numerous occasions where in-patient treatment was mandatory. However, Mr. Wilson lives in the vicinity of Third Street and was on his way home when he was arrested.

thorough cross-examination of the state's witnesses concerning their identification of Wilson as being the person in the vehicle with black hand. Also, counsel who was aware of Wilson's mental health history failed to motion the court for appointment of a sanity commission.

An ineffective assistance claim asserted in a habeas petition is analyzed under the "unreasonable application" clause of the AEDPA because it is "past question that the rule set forth in Strickland v. Washington, 466 U.S. 668 (1984) qualifies as clearly established Federal law, as determined by the Supreme Court of the United States. The Supreme Court has also offered direction for courts assessing "unreasonable applications" of federal law. In Williams v. Taylor, 529 U.S. 362 (2000), the Court instructed lower courts to ask whether "the state court's application of clearly established federal law was objectively unreasonable." The Court emphasized the "critical distinction" between an "unreasonable application" of federal law and an erroneous or incorrect application of federal law. Neal v. Puckett, 286 F.3d 230, 236 (5th Cir. 2002) (en banc).

To prevail on a claim of ineffective assistance of counsel, petitioner must meet both parts of the standard articulated in the U.S. Supreme Court's decision of Strickland. Under *Strickland*, petitioner must show: (1) that his attorney's performance fell below "an objective standard of reasonableness" as measured by professional norms, and (2) that there is a "reasonable probability that, but counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Therefore, as to both assertions of deficiency and prejudice, petitioner must prove that these failures were of such magnitude that they indicate that his lawyer's performance did not meet the standard of a reasonably competent attorney and that, but for those failures, the outcome the proceedings would have been different. Both requirements are met throughout this claim when counsels failed to do any meaningful investigation of the suggestive identification procedures utilized by the police after arresting Wilson, nor did he have Wilson examined by competent mental health professionals, knowing that Wilson has a long and extensive history of mental

illness. Counsel is required to, for a better phrase, turn over the "large stones" and "pursue the obvious issues." U.S. v. Ex rel Williams, 863 F.Supp. 697 (N.D. Ill. 1994).

Petitioner contends that in light of all the circumstances, the identified acts and omissions by counsel of not challenging the out of court identification procedures, along with not having him examined to determine his competency to proceed to trial was outside the wide range of professionally competent assistance. Moreso, based on Wilson's extensive criminal history, there was no tactical justification for counsel to do otherwise.

While the evidence that convicted Wilson is simply the testimony of Clarke and Guerra, who identified the man they claim to have witnessed standing by the car. Neither man testified that they seen the man's face who was in the ca going through the jacket pockets. The conflicting description of a color flannel shirt or jacket by both men is not reliable. The police apprehended Wilson based on the fact that Guerra pointed him out as the man he followed from the studio parking lot. No corroborating evidence was submitted at trial to support that Wilson was the person who entered Clarke's vehicle.

There is no dispute that Wilson was passing by Clarke's vehicle when the three men made it downstairs, there is dispute that he was the person inside the vehicle when Clarke and Guerra looked out the window and recognized the burglar with "black hands."

One-on-one confrontations between a suspect and a victim, while not favored by the law, are permissible when justified by the overall circumstances. Such identification procedures are generally permitted where the accused is apprehended within a short time after the commission of the offense and is returned to the scene of the crime for on-the-sport identification or when the identification is made shortly after the commission of the crime. State v. Dauzat, 364 So.2d 1000, 1002 (La. 1978).

A number of courts have found deficient performance where, as here, counsel failed to challenged the credibility of the prosecution's key witness. See, Lindstadt v. Keane, 239 F.3d 191,

204 (2 Cir. 2001) (finding ineffective assistance of counsel where, among other things, counsel's "failure to investigate prevented an effective challenge to the credibility of the prosecution's only eyewitness"); Berryman v. Morton, 100 F.3d 1089, 1099 (3 Cir. 1996) (finding deficient performance where counsel failed to raise the victim's prior inconsistent identification testimony, given that "[t]he reliability of this victim's uncorroborated identification of [the defendant] cut [] directly to the heart of the only evidence against [the defendant]"); Tomlin v. Myers, 30 F.3d 1235, 1238 (9th Cir. 1994) (finding deficient performance where counsel failed to challenge an eyewitness's in-court identification in a case that "hinge[d] on an eyewitness's testimony"); Blackburn v. Foltz, 828 F.2d 1177, 1183 (6th Cir. 1987) (finding deficient performance where counsel failed to impeach an eyewitness with previous inconsistent identification testimony when "weakening [the witness's] testimony was the only plausible hope [the defendant] had for acquittal").

Wilson admits that even where counsel's performance was deficient, he is not entitled to habeas relief unless he demonstrates ensuing prejudice. In evaluating the prejudice suffered by a defendant as a result of counsel's deficient performance, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Strickland, 466 U.S. at 693. Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Rather, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Although Wilson need not prove that counsel's deficient conduct more likely than not affected the verdict, Wilson can show that "absent his counsel's error, the state appellate court would have reasonable doubt with respect to his guilt." Wilson argues that the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result

is being challenged. Strickland, 466 U.S. at 696. In this vein, this habeas court must determine whether "the result of the particular proceeding was unreliable because of the breakdown in the adversarial process that our system counts on to produce just results." See, Kinnard v. United States, 313 F.3d 933, 935 (6th Cir. 2002) (explaining that, when analyzing whether a defendant was prejudiced by his attorney's performance, "it is necessary to determine if the proceeding was fundamentally unfair or unreliable; a court should not focus the analysis on the outcome") (citing Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

The only guilt in this case is that Wilson was allegedly standing near the vehicle that was alleged to be burglarized when the victim and his friends came outside to investigate a noise they heard. Although Clarke and Guerra claim to have seen "someone", then a man with "black hands" in the vehicle, there is no supporting evidence that man was Wilson, such as fingerprints. Wilson being the only man seen with "black hands" near the crime scene, made him the automatic prime suspect, noting that he did not run from the scene. He simply denied he did not do anything and walked off when questioned by Clarke. Guerra followed him until the police apprehended him and brought him back to Clarke's place of business to be identified. The identification procedure was suggestive and easy for Clarke and Guerra to make that Wilson was the man they seen near the vehicle, but contradicting the fact that neither could say with any certainty that he was the man with "black hands" in the vehicle, or that they even attempted to ascertain that no one else was around or ran away.

Whether an error actually prejudiced a defendant is weighed against the "totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695. A verdict "only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." Id. at 696.

Here without Clarke and Guerra's testimony, the State's case against Wilson was far from overwhelming. The key to State's case was Guerra's claim that he saw a man with "black hands".

8

Clarke and Guerra's description of the man's clothing and physical feature they alleged seen in the car are inconsistent. Given the importance of Guerra's testimony, it is not difficult to imagine that the outcome of the trial was "unreliable because of a breakdown in the adversarial process that our system counts on to produce just results" and the legal assistance that a mentally ill defendant such as Wilson depends on.

Wilson argues that based on Supreme Court law found in <u>Manson v. Braithwaite</u>, 432 U.S. 98 (1977), to test the reliability of identification, the *Manson* court referred to five factors set forth in <u>Neil v. Biggers</u>, 409 U.S. 188, 198 (1972). The factors are as follows:

1. Opportunity to view: Clarke viewed the suspect sitting in his car rumbling through his jacket pocket from a two-story window, but could not identify his face or race. Guerra alleged he saw the suspect's hands from the same window and they were of a black man. He could not identify his face.

2. Attention: Both Clarke Guerra claim they went downstairs immediately, yet the suspect they encountered was more than ten feet from the vehicle walking by. He only stopped when asked whether he had been in the car, which he denied. Although Wilson is a black man, neither witness testified with certainty that Wilson was the man seen in the car.

3. Accuracy of prior description: Prior to Wilson's apprehension, Clarke told the police that the suspect had on a baseball cap; when arrested, Wilson had on a wool cap as claimed by Guerra. Keep in mind Guerra was the person following Wilson for a number of blocks until the police arrived. Clarke testified Wilson had on a jacket, Guerra testified a flannel which Wilson had on.

4 & 5. Certainty and time: The only thing Clarke and Guerra was certain of was that Wilson was the person they witnessed more than ten feet from the vehicle when the police returned him to the scene. Neither testified with any certainty during the confrontation that Wilson was the man with "black hands" going through the pockets of the jacket in Clarke's car. No corroborating evidence from the scene or any other witness support Wilson was that man.

Although Wilson made a general ineffective assistance claim regarding his lawyer's failure to challenge his misidentification, he did not base the claim on specific attorney errors. To be sure, it is the defendant's burden to "affirmatively prove prejudice." <u>Strickland</u>, 466 U.S. at 693. Wilson meets this burden before this court and he was not required to demonstrate how he would probably have won an acquittal. He simply needed to present the factual basis for his contention that confidence in the outcome of this case was undermined by his counsel's deficient performance

in failing to challenge the show-up identification procedures of the police, the inadequacy of a police investigation and the mental competency of his claim.

Wilson has identified the critical error made by his attorney (challenging the identification) and he identified some--albeit few--record facts to support his claim of prejudice.  Counsel left the jury with essentially unrebutted and untested testimony of two white men that Wilson committed a burglary because he was the only man with "black hands" that was seen standing in the vicinity of a vehicle burglarized of nothing.  Wilson's guilt is not overwhelming as counsel simply dropped the ball when it really mattered.  The prejudice to Wilson is obvious.

Although Wilson presented his *Strickland* claim to the state habeas court in a somewhat skeletal manner, this presentation is still sufficient to place the issue of prejudice squarely before this Court.  The state courts rejected Wilson's claim without discussion.

The rejection of Wilson's claim in an erroneous procedural posture by the state court prejudiced the merits.  This rejection represents an "unreasonable application" of clearly established Supreme Court precedent.  Not only did the state court fail to identify the governing legal principle from the Supreme Court's *Strickland's* decision, it failed to apply any principle to the facts of Wilson's case.  Wilson is therefore entitled to habeas relief or in the alternative, a remand for an evidentiary hearing.

## CONCLUSION

**WHEREFORE,** for the foregoing facts and arguments, with the law clearly in Lacal Lucky Wilson's favor, petitioner prays that this Honorable Court for good cause shown and in the interest of justice, consider all of his claims in the case sub judice, and order the district court to provide the trial and multiple bill hearing transcripts, which the State of Louisiana has totally misinterpreted in contravention of Wilson's right to Due Process of Law within the protections and meaning of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

Petitioner further prays that after due consideration is given to his claims in concert with

his arguments, that this Honorable Court observe that a miscarriage of justice has resulted in the sentencing of this man to life imprisonment; due to the trampling and/or blindly ignoring of constitutional protected guarantees to not only a critical stage of the proceeding with effective representation of counsel within the meaning of the Sixth and Fourteenth Amendments.

**THEREFORE**, in view of the foregoing facts and law pled herein by **LACAL LUCKY WILSON**, in his Memorandum of Law in Support of Granting Habeas Corpus Relief pursuant to 28 U.S.C. §§ 2241 and 2254(d)(1)-(2), it clear that the state courts abused their discretion in adjudicating guilt and erred in sentencing this man to punishment deemed to be excessive, cruel and unusual, and further denying an evidentiary hearing and relief as justice may require.

Accordingly, this Honorable Court should grant Wilson's Petition for Writ of Habeas Corpus, order him released, remand for re-sentencing or appoint him competent counsel for effective representation at the evidentiary hearing.

At length, the Louisiana state appellate courts must come into compliance with United States constitutional standards of the justice system as they are conferred upon criminal defendants; to exclude Wilson's due process rights, as has been done by the State of Louisiana, thus far amounts to an injustice, and total ignoring the laws of this country, as is enjoyed by 49 other states.

**PRAYER**

**WHEREFORE, IT IS PRAYED**: That this Honorable Court direct the 22nd Judicial District Court and the District Attorney of the Parish of St. Tammany to transmit to this Court on or before a day appointed, the "entire record" in these proceedings in order that the proceedings herein may be inquired into by this Court and their validity ascertained and determined.

**PETITIONER FURTHER PRAY**: This Court order the State of Louisiana, through the Office of the Attorney General and/or District Attorney in and for the Parish of St. Tammany to give an answer to the allegations contained in this petition within a timely manner fixed by this

11

Court and provide him with a copy thereof.

**PETITIONER FURTHER PRAY**: After a full review of the record, pleading and arguments contained herein, that judgment be rendered in favor of **LACAL LUCKY WILSON**, reversing the judgment of the District Court, Appellate Court and the La. Supreme Court, which consisted of an order denying petitioner without an evidentiary hearing on the merits of his claim; rendering such judgment or issue such orders to which petitioner is entitled in the premise, and that petitioner's conviction and adjudication as a multiple offender be vacated and he be ordered discharged or granted a new trial within 90 days from the date of this Court's ORDER.

**PETITIONER FURTHER PRAYETH NAUGHT**, this ____4____ day of January, 2010.

RESPECTFULLY SUBMITTED BY:

x _Lacal L. Wilson_

LACAL LUCKY WILSON #093801
TU UPPER D - CELL #8
LA. STATE PENITENTIARY
ANGOLA, LA 70712

12

## VERIFICATION OF APPLICATION FOR WRITS

**STATE OF LOUISIANA**

**PARISH OF WEST FELICIANA**

  In accordance with the provisions of 28 U.S.C. § 1746, Petitioner Lacal Lucky Wilson declare under the penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct:

1. He is the Petitioner in these proceedings and solely responsible for its contents;

2. A true copy of this Application has been served on the District Attorney for the Parish of St. Tammany, by the U.S. Postal Service, and correctly addressed on the date indicated below;

3. All of the allegations contained in the above foregoing application for writs are true and correct to the best of my knowledge, information and belief.

  **FURTHER PETITIONER SAYETH NAUGHT,** this _4_ day of January, 2010.

<br>

           _x Lacal Levilsen_

           LACAL LUCKY WILSON



Larat Lucv_Wilson #083901
TU Upper D - Cell #6
La. State Prison.
Angola, LA 70712

Loretta G. Whyte, Clerk
United States District Court
Eastern District of Louisiana
500 Poydras Street - C151
New Orleans, LA 70130