# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**LACAL LUCKY WILSON, 093801**      **CIVIL ACTION NO.  10-161**

**VERSUS**                                              **SECTION "I"**

**N. BURL CAIN, WARDEN LOUISIANA**      **MAGISTRATE (6)**
**STATE PENITENTIARY**

<u>**MEMORANDUM IN OPPOSITION TO APPLICATION FOR HABEAS CORPUS**</u>

**MAY IT PLEASE THE COURT:**

This Memorandum is filed on behalf of Water Reed, District Attorney for the Parish of St. Tammany, State of Louisiana in opposition to the application for habeas corpus relief filed by petitioner herein.

<u>**STATEMENT OF THE CASE**</u>

The State admits that petitioner, Lacal Lucky Wilson (hereinafter referred to as "Wilson"), is a state court prisoner incarcerated following a guilty verdict on May 15, 2005 to one count of simple burglary in violation of La. R.S. 14:62.  On November 10, 2005, Wilson was adjudicated a fourth felony offender and sentenced to life imprisonment.   On

November 3, 2006, the First Circuit Court of Appeal affirmed the conviction, habitual offender adjudication and sentence.  Wilson did not seek supervisory review of that ruling by the Louisiana Supreme Court.   Thereafter, Wilson filed numerous motions and applications for post conviction relief with the trial court, as detailed below.

For the reasons further detailed hereinbelow, the State of Louisiana asserts that the Petition filed by petitioner herein seeking habeas corpus relief should be dismissed as untimely, or in the alternative, dismissed on the merits.

## LAW AND ARGUMENT

### This Action is Untimely

The federal habeas corpus application filed herein by petitioner must be filed in accordance with the requirements of 28 U.S.C. 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The AEDPA applies to this case since it was filed after the enactment of the AEDPA, which became effective on April 24, 1996. Leonard v. Hubert, 2001 WL 333123 (E.D. La. 2001).  The AEDPA established a one (1) year statute of limitations for the filing of federal habeas applications.  28 U.S.C. 2244(d)(1). Pursuant to this sub-section, this one year statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  Petitioner was convicted on May 15, 2005, and his conviction, habitual offender adjudication and sentence were affirmed by the First Circuit Court of Appeal on November 3, 2006.  Petitioner did not seek review of that ruling with the Louisiana Supreme Court.  The State submits that his conviction and sentence became final

on December 3, 2006, when the thirty day period for seeking review with the Louisiana Supreme Court elapsed.

The AEDPA provides for interruption of the one year limitations period, stating that "the time during which a properly filed application for state post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection". 28 U.S.C. §2244(d)(2).  By its plain language, the statute at issue, 28 U.S.C. §2244(d)(2), does not create a new full one year term within which a federal habeas petition may be filed at the conclusion of state court post conviction proceedings.  Flanagan v. Johnson, 154 F.3d 196 (5th Cir. 1998).  Because this statute is a tolling provision, the time during which state court post conviction proceedings are pending must merely be subtracted from the one year limitations period.  *See* Flanagan, *supra*.  A matter is pending for §2244(d)(2) purposes as long as the ordinary state collateral review process is in continuance.  Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002).  To constitute "other collateral review" such that it tolls the AEDPA limitations period, the pleading must challenge the judgment at issue in the case before the court.  Godfrey v. Dretke, 396 F.3d 681 (5th Cir. 2005).

Outlined below are the various post-conviction filings by Wilson with the state courts, along with the State's computation of the time elapsed between the pending of relevant filings for purposes of interruption of the AEDPA time limitation:

**Date**             **Description**

| | | |
|---|---|---|
| 05/15/05 | Wilson is convicted of one count of simple burglary, in violation of La. R.S. 14:62 | |
| 11/10/05 | Wilson is adjudicated a fourth felony offender and sentenced to life imprisonment | |
| 11/03/06 | First Circuit Court of Appeal affirmed Wilson's conviction, habitual offender adjudication and sentence | |
| 12/03/06 | Wilson's conviction becomes final for AEDPA purposes | |

**Time elapsed from 12/3/06 to 1/16/07:  43 days**

| | |
|---|---|
| 01/16/07 | Wilson filed an Application for Post Conviction Relief with the state district court |
| 01/25/07 | District Court denied Wilson's Application for Post Conviction Relief |

**Time elapsed from 1/25/07 to 5/1/07: 95 days**

| | |
|---|---|
| 05/01/07 | Wilson filed a motion for reconsideration of sentence |
| 05/03/07 | Motion for reconsideration of sentence is denied |
| 05/07/07 | Motion for incompetent hearing filed<br>This motion concerns actions allegedly occurring in jail in 1994 and 1995.  The State submits this motion is insufficient to constitute "other collateral review" for purposes of interrupting the time limitations, as it does not challenge the legality of the current conviction or sentence. |
| 05/08/07 | Motion for insanity hearing<br>This motion concerns issues pertaining to parole in 1996 and his allegation that mental issues from that time not rectified.  The State submits this motion is insufficient to constitute "other collateral review" for purposes of interrupting the time limitations, as it does not challenge the legality of the current conviction or sentence. |
| 05/10/07 | Motion for incompetent hearing denied |

| | | |
|---|---|---|
| 05/15/07 | Motion for insanity hearing denied |

**Time elapsed from 5/3/07 to 7/27/07: 84 days**

| | | |
|---|---|---|
| 07/27/07 | Wilson filed a motion to vacate sentence |
| 08/01/07 | Motion to vacate sentence is denied |

**Time elapsed: 1 day**

| | | |
|---|---|---|
| 08/03/07 | Motion to correct illegal sentence is filed |
| 08/08/07 | Motion to correct illegal sentence is denied |

**Time elapsed: 1 day**

| | | |
|---|---|---|
| 08/09/07 | Motion for rehearing is filed |
| 08/24/07 | Second application for post conviction relief is filed |
| 08/31/07 | Second application for post conviction relief returned to Wilson for failure to include sentencing minutes and affidavit |
| 09/04/07 | Motion for rehearing is denied |

**Time elapsed from 9/4/07 to 10/8/07: 33 days**

| | | |
|---|---|---|
| 10/08/07 | Writ application filed with First Circuit Court of Appeal (2007KW2089) |
| 10/15/07 | Motion for insanity hearing is filed |
| 10/22/07 | Motion for insanity hearing is denied |
| 11/15/07 | Motion to recuse and appoint counsel is filed |
| 12/04/07 | Motion to recuse and appoint counsel is denied |
| 12/27/07 | First Circuit Court of Appeal denies writ application (2007KW2089) |

**Time elapsed from 12/27/07 to 4/10/08: 104 days**

| | |
|---|---|
| 04/10/08 | Motion for new trial is filed |
| 04/14/08 | Motion to quash is filed |
| 04/15/08 | Motion for new trial is denied |
| 04/16/08 | Motion to quash is denied |

**Time elapsed from 4/16/08 to 5/5/08: 18 days - As of April 20, 2008, the one year period expires**

| | |
|---|---|
| 05/05/08 | Third application for post conviction relief received by trial court |
| 05/14/08 | Third application for post conviction relief returned to Wilson for failure to attach sentencing documents |
| 06/04/08 | Trial court denies third application for post conviction relief as repetitive |

**Time elapsed from 6/4/08 to 6/13/08: 9 days**

| | |
|---|---|
| 06/13/08 | Motion to show cause is filed |
| 06/16/08 | Motion to show cause is denied |
| 06/26/08 | Motion for insanity hearing is filed[1] |
| 07/01/08 | Motion for insanity hearing is denied |
| 07/10/08 | Motion to correct illegal sentence is filed |
| 07/14/08 | Motion to correct illegal sentence is denied |

---

[1]In order to give Wilson all benefits of pleading, the State did not use this motion to interrupt the time period.  While the motion did argue facts which occurred before this crime, it also mentioned his ineffective assistance of counsel claim, which could potentially be construed as "other collateral review".  In addition, under the State's computation, the time limitation had already expired prior to the filing of this motion.

**Time elapsed from 7/14/08 to 7/30/08: 16 days**

| | | |
|---|---|---|
| 07/30/08 | Motion for extension to file writ application filed with First Circuit Court of Appeal | |
| 08/04/08 | Motion for extension to file writ application granted by First Circuit Court of Appeal | |
| 09/25/08 | Writ application filed with First Circuit Court of Appeal (2008KW2034) | |
| 02/02/09 | First Circuit Court of Appeal denies writ application (2008KW2034) | |
| 12/18/09 | La. Supreme Court denies writ application (from First Circuit ruling in case no. 2008KW2034) | |

**Time elapsed from 12/18/09 to 1/4/10: 16 days**

| | |
|---|---|
| 01/04/10 | Habeas petition signed by Wilson |

As stated above, the State submits that the one year time period provided by the AEDPA expired on April 20, 2008, although another 55 days elapsed thereafter. For the foregoing reasons, the State asserts this action is untimely and should be dismissed, with prejudice.

**Exhaustion of State Remedies**

28 U.S.C. 2254(b)(1)(A) provides that an application for writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a state court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state. The exhaustion requirement is satisfied if a petitioner has fairly presented the substance of his claims to the state courts. *See also* Alexander v. Johnson, 163 F.3d 908 (5th

Cir. 1998), which held that a habeas petition containing both exhausted and non-exhausted claims is a mixed petition which should be dismissed without prejudice.

Petitioner raises a claim of ineffective assistance of counsel herein.  That issue was raised by petitioner in his third post conviction application, the writ application filed with the First Circuit Court of Appeal, docket no. 2008KW2034 and in the writ application filed with the Louisiana Supreme Court, docket no. 2009KH0602.  However, although the issue was raised in those filings, the district court dismissed the third post conviction application as repetitive, and the subsequent writ applications were denied by the appellate courts, with no further reason or explanation.  Federal habeas review is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims would result in a fundamental miscarriage of justice.  Lott v. Hargett, 80 F.3d 161 (5th Cir. 1996).   The procedural-default doctrine precludes federal habeas review when the last reasoned state-court opinion addressing a claim explicitly rejects it on a state procedural ground. Matchett v. Dretke, 380 F.3d 844 (5th Cir. 2004), citing Ylst v. Nunnemaker, 501 U.S. 797, 115 L. Ed. 2d 706, 111 S. Ct. 2590 (1991). Since the claim at issue herein was specifically rejected by the state district court on the basis of an adequate and independent state procedural ground, i.e. repetitious claim, this claim is now barred in federal court under the procedural default doctrine, unless petitioner can demonstrate cause for the default and prejudice resulting from the default, or show that the federal court's failure to review the

defaulted claims would result in a fundamental miscarriage of justice. Cause is something external to the petitioner, something that can not be fairly attributed to him that impedes his efforts to comply with the procedural rule. <u>Moore</u> v. <u>Roberts</u>, 83 F.3d 699 (5th Cir. 1996). No such showing has been made by petitioner. As a result, the State submits that federal habeas review is barred herein because petitioner defaulted his claims pursuant to an independent and adequate state procedural rule.

The State will further address petitioner's claims on the merits, in the event this Court disagrees with the State's computation of the expiration of the time limitation at issue or the default by petitioner of his claims.

## Ineffective Assistance of Counsel

Wilson alleges he was denied effective representation because his counsel failed to challenge the identification procedures utilized by the State, which resulted in his misidentification as the perpetrator of the burglary.

There was no lineup done in this case, but Wilson's argument deals with the identification of him as the perpetrator by eyewitnesses. The First Circuit Court of Appeal found as follows with regard to the identification of Wilson:

> The victim testified that he could not see the intruder's face as he sat in the front seat of the victim's vehicle, although the parking lot was 'fairly well lit' at the time. The victim later specified that a light connected to the building, along with streetlights, illuminated the front parking lot. From the window, located directly above the parking space occupied by the victim's vehicle, the victim had a good view of the intruder's hands and observed that the intruder was wearing a flannel jacket. When the victim reached the parking lot, he observed an individual approximately five feet from his vehicle, wearing the same attire. At this point, the victim was about ten to fifteen feet

from the individual and he was able to see his fact.  The victim further noted
that the individual was wearing a wool cap. . . No one else was observed in the
area.  The victim concluded that the individual in the parking lot was the same
individual observed in the victim's vehicle.  When the police brought the
defendant to the scene (within 10 minutes of the initial sighting), the victim
identified the defendant as the perpetrator.  The victim also identified the
defendant in court as the perpetrator.

Contrary to Wilson's assertions herein, the record reflects that his counsel cross-

examined the eyewitnesses regarding their identification of Wilson as the perpetrator.  (*See*

state court record at p. 492-505 and 514-525).  The cases cited by Wilson in support of his

argument are factually distinguishable.  Two of the cases cited by Wilson, Berryman v.

Morton, 100 F.3d 1089 (3rd Cir. 1996) and Blackburn v. Foltz, 828 F.2d 1177 (6th Cir. 1987),

concerned a failure to cross-examine an identification witness with prior inconsistent

testimony given in a previous court proceeding, which is not at issue herein.  The third case

cited by Wilson, Tomlin v. Myers, 30 F.3d 1235 (9th Cir. 1994), involved an illegal line-up

that could not be used at trial and counsel's failure to make any attempt to exclude evidence

stemming from that line-up.  In this case, there was no line-up, and the arguments are simply

directed to the credibility of the eyewitnesses, and defense counsel cross-examined the

witnesses regarding the identification issues.

With regard to petitioner's claims of ineffective assistance of counsel, in order to

establish an ineffective assistance of counsel claim, petitioner must meet the two prong test

set forth in Strickland v. Washington, 466 U.S. 688, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984).

In order to prevail on a claim of ineffective assistance of counsel, a defendant must show

both that counsel's performance was deficient, meaning that counsel made errors so serious

that he was not functioning as the counsel guaranteed the defendant by the Sixth Amendment, and that counsel's errors prejudiced the defense.  In evaluating the performance of counsel, the inquiry must be whether counsel's assistance was reasonable considering all of the circumstances.  The petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

The burden of proof lies with the petitioner, and the petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable professional assistance.  An attorney's performance generally carries with it a strong presumption of adequacy and is only deficient if it is objectively unreasonable.  An analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances.  Lambert v. Cain, 2001 U.S.Dist. Lexis 3487 (E.D. La. 2001).

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." "Judicial scrutiny of counsel's performance must be highly deferential."  Strickland, *supra* 466 U.S. at 689, 104 S.Ct. 2052.

The State submits that neither prong of the Strickland test has been met herein, and this claim should be dismissed on the merits.

 **CONCLUSION**

Page 11

For the foregoing reasons, the State respectfully submits that petitioner's Application for Habeas Corpus Relief be dismissed.

Respectfully submitted:

By:     s/Kathryn Landry
        KATHRYN LANDRY, Bar No.  19229
        P. O. Box 82659
        Baton Rouge, LA 70884
        Telephone:  (225) 766-0023
        Facsimile: (225) 766-7341

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing MEMORANDUM IN OPPOSITION TO APPLICATION FOR HABEAS CORPUS has been mailed to the opposing party herein:

Lacal Lucky Wilson #093801
TU Upper D - Cell #8
Louisiana State Penitentiary
Angola, LA 70712

Baton Rouge, Louisiana this 18th day of May, 2010.

s/Kathryn Landry
KATHRYN LANDRY