LACAL Luck Wilson

Docket no: 10-161
Civil Action

versus

FILED NOV - 4 2010

LORETTA G. WHYTE
Clerk

united State District court,
Eastern District of
Louisiana Section "I"

Warden n. Burl CAin, et, AL

Date filed _____

magistrate (6)

## Application for writs of Habeas Corpus

now into the court comes defendant LACAL Wilson who moves This court to issue writs of habeas corpus(s) VACAting And Setting aside These unconstitutional obtained guilty please pursuant to Article 1, Section 21 of the LA. const, 1974 And maleng -v- cook, 490 us 488 [1989]. I State to wit,

1. The two years statute of limitation for institution of prosecution under LA. Cer. p. Art 578(2) expired when I WAS Arrested on 8-9-94 As A parole violator under State -V-wilson #193586-C And ReLeased from prison on 9-20-96,

2. The court WAS without jurisdiction to Accept The guilty plea. After having found me incompetent on August 3rd, 1995 To proceed in #193586-C And order my committment to Feliciana Forensic Facility in JACKSon, LA. to which the state of LA. thru The sheriff Dept, deLiver me to the Dept, of corrections to which formed the #94-3144-F-(5) And 03-0326-F(4) BASis of wilson -v- MC elven, et, AL [u.s.DC - E.D. LA.] without compliance with LA. Cer. p. Art. 642-647,

Respectfully Submitted on The 1st day of november, 2010,

v Lacal L. wilson #93801,
P-J-64tory-L-5- LA, state penitentiary,
LA, LA. 70712,

Fee_____
Process_____
X  Dktd_____
X  CtRmDep_____
Doc. No._____

LACAL Lucky WILSON

versus

WARDEN n. BurL CAIN, ET, AL

Date filed_____

United States District
Court, EAStern District
of Louisiana,

Civil Action no:
10-161
Section "I"
magistrate (6)

## Amended Application for writ of Habeas Corpus

now into The Court Comes plaintiff LACAL WILSON who files This Amended Application for writs of habeas corpus. I state To wit,

. Counsel were ineffective by having plaintiff pled guilty to defective bills of information in These cases, And #193586-C Being used in #374567-G pursuant to LA. R.S. 15:529.1 which omits That the Burglaries were committed by An unauthorized entry. US-V-Moreci, 283 F.3d 293, 296 [5th Cir, 2002] [challenge to indictment for failure to charge offense maybe Raised At Any time], See also US-V-Henry, 288 F.3d 657, 661 [5th Cir, 2002] And RusselL-V-US, 369 US 749, 769-70 [1962].

Respectfully submitted By me
LACAL Lucky wilson #93801
CAMP-J- Gator 4-L-5,
LA, State penitentiary,
Angola, LA. 70712,

order By Judge

X_____
Judge

STATE OF LA.                    22ND JUDICIAL DISTRICT COURT

VS. #230804                     PARISH OF ST. TAMMANY

LACAL L. WILSON                 STATE OF LOUISIANA

                    EXTRACT OF MINUTE ENTRY
                    ------------------------
              THURSDAY, AUGUST 31, 1995


     The defendant being present in open Court attended by
his Counsel, John J. McGuckin, Jr. and this matter being on
assignment for a Lunacy Hearing, evidence was heard on behalf
of the State with Dr. Rafael F. Salcedo giving testimony, the
State having offered stipulation that Dr. Salcedo is an
expert in the field of psychiatry and the Defense so
stipulated.  The State offered, introduced and filed into
evidence:
S-1  psychiatric evaluation report by Dr. Rafael F. Salcedo
The State having further offered stipulation that if Dr. John
Paul Pratt was called to testify he would testify the same as
Dr. Salcedo and Defense so stipulated and the matter
submitted to the Court; whereupon Court found defendant not
competent to stand trial at this time and ordered that the
defendant be committed to the Feliciana Forensic Facility at
Jackson, Louisiana for impatient treatment, not to exceed
time for which he is charged.


                              STEPHEN A. DUCZER
TENDERED FOR FILING           JUDGE, DIVISION "B"

     NOV - 4 2010

   U.S. DISTRICT COURT
   Eastern District of Louisiana
        Deputy Clerk

A TRUE COPY
SCANNED  DY. CLERK 22nd Jud. Dist. Court
SEP - 3 2004 ST. TAMMANY PARISH, LA



## Department of
# PUBLIC SAFETY AND CORRECTIONS

M.J. "MIKE" FOSTER, JR.. GOVERNOR

RICHARD L. STALDER, SECRETARY

| Division of Probation & Parole | 1712 N. Columbia Street | Covington, LA 70435 |
| Telephone: (985) 871-8351 | P.O. Box 3610 | Fax: (985) 871-8357 |

EQUAL OPPORTUNITY EMPLOYER

12/22/2003

Lacal Lucky Wilson
C/O St. Tammany Parish Jail
Covington, LA

12/22/2003

Dear Lacal Wilson, D.O.C.# 93801

This is to advise you that the Parole Revocation Preliminary Hearing that was scheduled for 12/23/2003 at 2:00pm has been re-scheduled to 01/21/2003 at 2:00pm. This change in the hearing date is due to your request and eligibility for appointed counsel. The Public Defender's Office will be appointed by the State District Court and they will contact you.

Thank you,

Ofc. Kevin Hidalgo
Probation and Parole Officer III

Lacal Wilson 12/27/03
Received by Lacal Wilson / date

STATE OF LOUISIANA
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
BOARD of PAROLE
P.O. Box 94304   Capitol Station   Baton Rouge, La   70804
Phone   225-342-6622
M. J. 'Mike' Foster, Jr., Governor     Richard Stalder, Secretary

*C-500*
*#C514*

2/ 4/2004

LACAL   WILSON
DOC #   93801
CVD

Dear Mr./Ms.  WILSON:

You will be given a parole revocation hearing at Washington Correctional
Institute at Angie, La. at 9:00 a.m. on  2/25/2004.

At the hearing you may speak, present witnesses, and/or present
documents in your own behalf. You may also request a continuance
of the final revocation hearing for the purpose of gathering more
information for the Board, or to cross examine adverse witnesses
who were not present at your preliminary hearing.

At your expense, you may have your retained counsel, and any
person(s) you wish present to speak in your behalf. If you are
indigent, you may make a request for appointed counsel on the day
of the hearing. Under the U.S. Supreme Court guidelines, Gagnon
vs. Scarpelli, the Board will consider your request, and if you
are determined eligible, your case will be continued and one will
be appointed for you.

Following your revocation hearing the Board may go into
executive session to discuss your case.

You are charged with violating the following conditions of parole.

   3. RECORDS REFLECT THAT YOU DID NOT SUBMIT M/S/R'S FOR THE
      MONTHS OF SEPT. 2003 AND NOV. 2003.
   8. IT IS ALLEGED THAT YOU COMMITTED TWO(2) CNTS. OF S/BURGLARY.
      YOU WERE ARRESTED FOR THESE OFFENSES ON 12/02/03.
  15. RECORDS REFLECT THAT YOU HAVE NOT MADE ANY PAYMENTS TOWARDS
      YOUR P/SUPERVISION FEES AND AS OF 12/10/03, YOU WERE $159.00
      IN THE ARREARS.

Sincerely,

Board of Parole

SECTION III

## HEARING AND RECOMMENDATION

If the alleged PAROLE violator requested appointed counsel, indicate the decision as to his eligibility and the guidelines used in reaching this decision.

Lacal Wilson has requested that appointed counsel be provided for this Preliminary Hearing. The determination of his eligibility was made and Jim Burke of the Public Defenders Office, has been appointed to represent Wilson for the purpose of this Hearing.

A Preliminary Hearing was conducted at the St. Tammany Jail on January 21, 2004 at approximately 2:00 p.m. Present at the Hearing were Lacal Wilson, DOC #93801, Supervising Officer Kevin Hidalgo, Hearing Officer Curt Hodge, appointed counsel Jim Burke and Detective Shawn McClain of the Slidell Police Department. Jim Burke indicated he had one witness to present and Officer Hidalgo stated he had one witness. Upon being questioned, Mr. Wilson advised he is 41 years of age, with a date of birth of 10/17/62. He advised at the time of his arrest, he resided at 3050 Harris Street Slidell, LA. He stated he was unemployed and had applied for SSI at the time of his arrest. Wilson claims he attended special education. He states he can not read, write and has problems understanding the English language. He said upon release of Good Time Parole the conditions of Parole were read and explained to him and he understood them. Wilson stated he is aware if he is convicted of a felony while on Parole, his Parole will be automatically revoked. He denied being under the influence of alcohol or drugs at the time of this Hearing. Wilson stated the Notice of Preliminary Hearing was read to him and he understood them. The Notice of Preliminary Hearing was again read to Mr. Wilson and Mr. Burke and they understood it and had no questions. Mr. Burke advised he had previously been served with a Notice of the Preliminary Hearing. Mr. Wilson's witness, his brother, was not present for the hearing. I determined that we needed to proceed with the Preliminary Hearing due to the length of time Mr Wilson has been incarcerated. This hearing was originally scheduled for December 23, 2003. Det. McClain had previously appeared for a hearing which was rescheduled. Mr. Wilson's brother had had ample time to make plans to be at this Hearing due to the length of time that this Hearing had been scheduled. Mr. Wilson was advised his brother could testify at the final Revocation Hearing if necessary. Mr. Wilson and Mr. Burke were advised this Hearing was only to establish if probable cause existed and if a Revocation Hearing before the Parole Board is necessary. Mr. Burke and Mr. Wilson indicated that they were ready to proceed with the Hearing.

Indicate the decision reached at the preliminary hearing and give a summary of what transpired in terms of admissions or denials made by the alleged violator and other relevant information introduced.

The Bill of Particulars was read through in its entirety. We then addressed each individual allegation.

3. That I will, between the first and fifth day of each month, or at intervals determined by my Parole Agent, and also on the final day of my parole, make a full and truthful written report upon the form provided for that purpose and that I will take or mail my report to my Parole Agent. I will report to my Parole Agent when directed to do so.

State of Louisiana

Versus

LACAL Wilson

DOCKET Number: 374567-G

22nd Judicial District Court

Parish of st. TAMMANY

Date filed.

Deputy Clerk

## Application For Post-Conviction Relief

Now into the Court Comes defendant LACAL WILSON who files this application for post-Conviction in light of his appeal Affirmed his Conviction And sentence on 11-03-06. I State to wit;

1. Defendant was denied Conflict-free Counsel by being Represented by a member of the indigent defender office when I Raised this fact prior to trial And Adjudication And sentence under LA. R.S. 15:529.1 to which the trial Court failed to Resolve violating my Right to effective Counsel under USCA Amend 6 And Art. 1, Section 13 of the LA. Const. 1974.

2. Defendant was denied Assistance from counsel to perfect his pretrial and post sentencing motions without notice or waiver in violation of USCA Amend 6 And Art. 1, Section 13 of the LA. Const. 1974 due in part from Raising ineffective Counsels Claims on him

JUN 19 2008

1.

3. Defendant was denied effective assistance from counsel by not seeking appointment of expert witnesses to determine his competency at the time of the offense and trial in addition to interview family & friends as to my behavior prior to and on the date of the alleged offense due in part from filing pro se motions challenging his inaction and conflict in violation of USCA Amend 6 & 14 and Art. 1, section 13 of the La. Const. 1974.

4. Defendant has been unconstitutionally deprived of his rights to appeal and to appeal with counsel the voluntariness of the predicate guilty pleas ~~this~~ based upon counsels failure to investigate and develop my only plausible plea of insanity without notice or waiver and had I known I would have elected to appeal to which La. C.Cr.P. Art. 930.8 A now prohibits in violation of USCA La. Const. Amend 6 & 14. and Art. 1, section 13 & 19 of the La. Const. 1974.

5. Defendant has been racially selective for imposition of a life sentence as a black-man whereas David Hall Richard Lay's white co-defendant under #383759-F was eligible for a sentence of 20 to life yet was placed on probation for drug offenses to which he was ~~not~~ ineligible to recieved as a matter of law in violation 2008 of USCA

USCA AMEND 5 & 14; Article 1,
of the LA. Const. 1974

**6.** DefendANt WAS denied a hearing on his pro se
motions by a fair AND impartial Judge due in
part from Retalitory Actions from the filing of pro-se
motions Attacking Action of Counsel, prosecutor AND
his in violation of USCA Amend 14; Art. 1, section 2 &
3 of the LA. Const. 1974

**7.** DefendANt WAS deprived of his Statutory Right to
Contest these claims herein pro se on direct Appeal
due to prison officials failure to provide Access to
a law library AND persons trained in the law upon
Verbal Request in violation of USCA Amend 1 & 14; Act.
1, section 2, 3, 9, 19, 21 & 22 of the LA. Const. 1974.

**8.** DefendANt WAS subjected to ineffective counsel on
direct Appeal As of Right who failed to Assigned AND
brief these Errors under the Assignment of ineffective
counsel when errors the Assigned WAS patently Frivolous
AND Refuted by the Records in violation of USCA Amer
6 & 14., Article 1, section 2, 3, 9, 13, 19, 21 & 22 of the L
Const. 1974.

JUN 19 2008

3.

Wherefore defendant pray his
conviction and multiple Bill sentence be
vacated and set aside; and this Bill
of information Quashed

Respectfully submitted this 2nd day of May 2008.
Under the penalty of perjury and good faith

Larl Wilson

Lacol Wilson # 93801
Camp J- Shark 1-L-3
L. S. P.
Angola, La 70426

JUN 1 9 2008

Order

Based on the foregoing Applications:

It's order the State of La thru Walter Reed- District Attorney show cause on the _____ day of _____, 2008 at _____ o'clock ___m., why said Relief should not issue

It's order private conflict-free Counsel be appointed for this indigent

It's order the Warden Burl Cain produce body of Lacal Wilson # 93801

Clerk to serve all parties a Copy of this Application and order

JUN 19 2008

5.

State of Louisiana                    Docket Number: _____

Versus                                1st Circuit Court of Appeal

Lacal Wilson                          State of Louisiana
# 374567-G
22nd JDC - St. Tammany


                    Notice of Intent
                AND TO APPOINT Counsel
                _____

        Now into the Court Comes defeNdant Lacal
Wilson who gives Notice of INtent to apply to
this Court from the Exparte denial of post-convict-
ion/sentencing Relief by a biased AND partial
Judge when petitioner has Raised ① his iNcompeteNcy
at time of offense AND to proceed; ② denial to
appoint effective trial AND conflict-free counsel AND
③ appellate counsel ineffectiveness by Not Raising the
issues assign when Records supported the same. USCA
Amend 6 #14. Judgment dated 6-04-08.


        I also Request counsel be appointed to
perfect this writ under Art. 5, section 2 of the
LA. CONST. 1974 due to prison officials breach
of duties to help me ATTACK my conviction AND
sentence uNder USCA. Amend 4, 6, 8 #14 resulting

                        (1)

in unconstitutional forfeiture/waiver to contest the same in state and or federal courts. See Lewis v. Casey, ___ us ___ [1996] quoting Bound v. Smith, ___ us ___ [1977]

Wherefore I pray the following relief to issue:

1) The Record be sent up along with the petitions to determine appellate counsels effectiveness under Strickland v. Washington, ___ us ___ [198__], and

2) Appoint counsel to perfect Review of the Judgment dated 6-04-08 denying Post-conviction Relief Ex parte

Respectfully submitted this 30th day of June 2008 under penalty of perjury and good-faith

_Lacal Wilson_

Lacal Wilson # 93801
La. State Prison
Angola, La 70712

(2)

Wednesday, June 29, 2005

COURT MET THIS DAY PURSUANT TO ADJOURNMENT, PRESENT AND
PRESIDING, HIS HONOR, LARRY J. GREEN, JUDGE, DIVISION "G", GERALD R.
ALONZO, ASSISTANT DISTRICT ATTORNEY, RODNEY J. STRAIN, JR., SHERIFF
AND MALISE PRIETO, CLERK OF COURT.  (Theresa Trapani, Court Reporter and
Carl Ferguson, Bailiff)

374567              STATE OF LOUISIANA
                   VS
                   LACAL LUCKY WILSON

The defendant being present in open Court attended by Counsel, James G. Burke,
III and this matter coming before the Court for Motion to Appoint Conflict Free Counsel
which was previously denied by the Court on June 1, 2005, Court at this time denied said
motion for the record.

The Defense Counsel filed a Motion for a New Trial, which the Court denied.

The Defense Counsel filed a Motion for Post Verdict Judgment of Acquittal,
which the Court denied.

The Defense Counsel noted an objection to the Court's rulings.

Further, this matter being on assignment for Motion for New Trial, Amended
Motion for New Trial, Motion for New Trial III and Motion for New Trial IV, filed in
proper person, Court denied said motions.

The Defense Counsel noted an objection to the Court's rulings.

Further, this matter being on assignment for Multiple Offender Arraignment, the
defendant at this time, personally and through his Counsel, waived the reading of the
Multiple Offender Bill of Information and entered a plea of not true.  Court advised the
defendant of his right to a hearing to be tried as to the truth of the allegations contained in
the multiple bill, the right at said hearing to require the State to prove the allegations
contained in the multiple bill and the right to remain silent at said hearing.  The defendant
at this time through his Counsel denied the allegations contained in the multiple bill.
Counsel granted 15 days to file any objections to the multiple bill.

Court ordered this matter be assigned for Multiple Offender Hearing and Felony
Sentencing on  August 17, 2005.

COURT ADJOURNED SINE DIE:          MINUTES READ AND APPROVED:

_____      _____
MINUTE CLERK          KHC           JUDGE DIVISION "G"          LJG

A TRUE EXTRACT OF THE MINUTES OF THIS COURT

_____
DEPUTY CLERK
22ND JUDICIAL DISTRICT COURT
ST. TAMMANY PARISH, LOUISIANA

The Court adjudicates the defendant to be a 4th felony offender. Court at this time vacates previously imposed sentence as to Count 1 and after consideration of Code of Criminal Procedure Art 894.1, the PSI and all other evidence in this case, the Court at this time sentences the defendant to serve *the remainder of his natural life, LIFE IMPRISONMENT, with the Department of Corrections, sentence to be served without benefit of probation, parole or suspension of sentence, credit for time served. Court further advised that this sentence is imposed under 15:529.1.*

Further, Court informed the defendant that he has two (2) years once sentence becomes final to file an Application for Post Conviction Relief.

Defense objected to the Court finding and sentence.

Defense at this time moved orally for a Motion to Reconsider Sentence, which Court denied.

Further, Defense moved orally for a Motion for Appeal Trial, Sentencing and Multiple Bill Hearing, will supplement with a written motion and that the La Appellate Project be appointed to represent the defendant.

Further, Court advised will submit written reason for judgment.

Further, Court advised any motions that were overlooked, Court denied.


COURT ADJOURNED SINE DIE:        MINUTES READ AND APPROVED:
_____       _____
MINUTE CLERK      MMP/SME        JUDGE DIVISION "G"        LJG


A TRUE EXTRACT OF THE MINUTES OF THIS COURT

DEPUTY CLERK
22ND JUDICIAL DISTRICT COURT
ST. TAMMANY PARISH, LOUISIANA

STATE OF LOUISIANA

NUMBER: _374567 G_

VERSUS

22ND JUDICIAL DISTRICT COURT

_Local Wilson_

PARISH OF ST. TAMMANY

FILED: _May 23, 2005_

_Kimberly H Crawford_
DEPUTY CLERK

## MULTIPLE OFFENDER BILL OF INFORMATION

Walter P. Reed, District Attorney for the 22nd Judicial District Court with respect avers that this captioned defendant was charged in this case number in the 22nd Judicial District Court with the crime of violating La. R.S. _14:62_ relative to _Simple Burglary_ _____ , and that afterward, to wit on the _15_ day of _March_ , 2005, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number _232716_ of the _22nd_ Judicial District Court, with the crime of violating R.S. _14:62_ , relative to _Simple Burglary_ , and that afterward, to wit on the _12_ day of _November_ , _1996_ , the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number _232715_ of the _22nd_ Judicial District Court, with the crime of violating R.S. _14:62.2_ relative to _Simple Burglary of an Inhabited Dwelling_ , and that afterward, to wit on the _12_ day of _November_ , _1996_ , the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number _230804_ of the _22nd_ Judicial District Court, with the crime of violating R.S. _14:62_ , relative to _Simple Burglary_ _____ , and that afterward, to wit on the _12_ day of _November_ , _1996_ , the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number _193586_ of the _22nd_ Judicial District Court, with the crime of violating R.S. _14:62_ , relative to _Simple Burglary_ _____ , and that afterward, to wit on the _20_ day of _September_ , _1996_ , the said accused was convicted.

SCANNED

And now the said District Attorney gives this court to understand and be informed that the said

defendant was duly charged in case number _135237_ of the _22nd_ Judicial District Court, with the crime of violating R.S. _14:69_, relative to _Possession of Stolen Property_, and that afterward, to wit on the _22_ day of _July_, _____, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number _165598_ of the _22nd_ Judicial District Court, with the crime of violating R.S. _14:62_, relative to _Simple Burglary_, and that afterward, to wit on the _22nd_ day of _July_, _1987_, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number _131944_ of the _22nd_ Judicial District Court, with the crime of violating R.S. _14:62_, relative to _Simple Burglary_, and that afterward, to wit on the _22nd /5_ day of _July January_, _1987 1986_, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number _80967_ of the _22nd_ Judicial District Court, with the crime of violating R.S. _14:62_, relative to _Simple Burglary_, and that afterward, to wit on the _17_ day of _February_, _1981_, the said accused was convicted.

The said defendant sentenced as first above set out, is one and the same person who was sentenced in the subsequent listed case numbers and should now be sentenced under the provisions of La. R.S. 15:529.1.

Signed this _2_ day of _May_, 2005.

_Scott Gardner_

ASSISTANT DISTRICT ATTORNEY
22nd JUDICIAL DISTRICT COURT

A TRUE COPY
Dy Clerk, 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA.

SCANNED
JUL 1 4 2005

FELONY BILL OF INFORMATION

STATE OF LOUISIANA - PARISH OF ST. TAMMANY

TWENTY-SECOND JUDICIAL DISTRICT

TO THE HONORABLE, THE TWENTY-SECOND JUDICIAL DISTRICT COURT OF
LOUISIANA, sitting in for the Parish of St. Tammany, comes now into open Court the
undersigned District Attorney of the Twenty-Second Judicial District of Louisiana, in the name
and by the authority of said State, informs the said Honorable Court;

That the person(s) named and identified below, late of the Parish of St. Tammany on or about the
date below described, in the Parish of St. Tammany aforesaid and within the jurisdiction of the
Twenty-Second Judicial District in and for the Parish of St. Tammany, State of Louisiana and
contrary to the form of the Statutes of the State of Louisiana in such cases made and provided,
and against the peace and dignity of the same did violate:

DEFENDANTS'S NAME AND DATE OF BIRTH:

1) LOCAL LUCKY WILSON   DOB: 10/16/1962   SSN: 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
   3050 HARRIS AVE, SLIDELL, LA. 70458

DATE OF OFFENSE:              December 02, 2003

*05/14/2005 amend to Local Lucky Wilson, change in 1st member [illegible] ADA*

COUNT 1
R.S. 14:62 SIMPLE BURGLARY, by the unauthorized entry of an automobile, belonging to
Drake Clarke, with the intent to commit a felony or a theft therein.

WALTER P. REED
DISTRICT ATTORNEY
22nd JUDICIAL DISTRICT
STATE OF LOUISIANA

BY: _____

DIV.G

A TRUE COPY
Clerk, 22nd Jud. Dist. Court
St. Tammany Parish, LA

SCANNED
JAN 23 2004

Thursday, November 10, 2005

COURT MET THIS DAY PURSUANT TO ADJOURNMENT, PRESENT AND PRESIDING, HIS HONOR, LARRY J. GREEN, JUDGE DIVISION "G", GERALD ALONZO, ASSISTANT DISTRICT ATTORNEYS, RODNEY J. STRAIN, JR., SHERIFF AND MALISE PRIETO, CLERK OF COURT. (Theresa Trapani, Court Reporter and Roger Gottardi and Carl Ferguson Bailiffs)

374567              STATE OF LOUISIANA
                    VS
                    LACAL LUCKY WILSON

The defendant being present in open Court attended by his Counsel, JAMES G BURKE, III and this matter being on assignment for a Multiple Bill Hearing and motions. Court at this time previously filed an Order showing motions filed by the defendant that the Court denied.

Defense Counsel at this time objected to the State taking Lacal Wilson fingerprints today without counsel knowing and object to the process in the future. Defense advised if they were to taken fingerprints they should have come to him and the Court. Court notes Defense objection. Court overruled Defense objection about taken of fingerprint. Court advised Defense if he wants fingerprints to be taken again, Defense informed the Court "no", will stick with fingerprints taken earlier today.

Evidence was heard on behalf of the State at the multiple bill hearing with the following named sworn to testify:

1. Det Dawn Powell (expert in the field of fingerprint)

State at this time offered, introduced and filed into evidence the following items that were previously filed in Volume 2 of Lacal Wilson record on a State's First Supplemental Answer to Discovery as follows:

| | |
|---|---|
| #193586 | bill, minutes and transcript |
| 165598 | bill, minutes and transcript |
| 135233 | bill, minutes |
| 131944 | bill, minutes and transcript |
| 080967 | bill, minutes and transcript |
| 232715 | bill, minutes |
| 232716 | bill, minutes |
| 230804 | bill, minutes and transcript |
| 374567 | multiple offender bill |



RECEIVED

JAN 3 0 2006

LA STATE PENITENTIARY
RECORDS OFFICE

Defense objected to #230804 not original, State argued, Court overruled objection.

State and Defense approached the bench.

State at this this time offered, introduced and filed into evidence the following items:

S-1   Vol 11 inglobe as stated above (substitute with certified copies)
S-2   entire record #374567
S-3   fingerprint card taken today on Lacal Wilson

The Court has reviewed all the evidence submitted in this hearing. The Court finds that the State has proven the allegation in the multiple bill and that the defendant is one and the same as was previously convicted as alleged in the multiple bill, defendant was adequately advised of his rights during the previous convictions, and that less than ten years has elapsed between the expiration of the defendant's supervision of the Department of Correction and the commission of this offense.

Emergency Administrative Remedy procedure

To: Burl Cain - Head warden of Lsp
    La. State penitentiary
    Angola La. 70712

From: Mr. Lacal Wilson #93801
                    plaintiff
            Vs.
Carmen shipley - Records Department officer
                                Defendant(s)

PRELIMINARY STATEMENT

Plaintiff is filing a 8th Amendment Claim Against
the above named Defendant Due to Cruel and unusual
punishment Due to false Imprisonment State Law
Tort Claim. Also, the above named Defendant is
Also in Violation of Malfeasance in office"
Due to Her Committing "fraud" By filing

false information on my prison Rap sheet.

## FACTS

1. plaintiff wilson filed suit in the 19th Judicial District Court, parish of East Baton Rouge, claiming that the Dept. of Corrections Had Incorrectly Classified Him As A Sixth (6) felony offender on His prison master record. (rap sheet). plaintiff Also maintained that His release Date was Also Incorrect. (see, Commissioner recommendation, John M. Smart, JR. Attached As Exhibit "A"

2. on June 8, 2009, Commissioner John M. Smart, JR. recommended that the Dept. of Corrections reconsider I, plaintiff Claim of Incorrect Classifying Him As A Sixth (6) felony offender and Incorrectly release Date. (see, Exhibit "A" Attached).

3. However, plaintiff received another prison master record (rap sheet) In which Had All Kind of "false information" (fraud) In IT. on p6: 1of 2, It states:

Arrested                    1 10 2005           1 10 2005

Sent Date                   11 10 2005          11 10 2005

par & Dkt#                  14.62 2 (01)        14.62   (01)
                            Stm 232715          Stm 232716

this is false information, if you notice you will see
that it's impossible to be Arrested and Sentence on
the Same Date.

Furthermore, on page 2, it states:

parish & DKT: Stm 230804

offense 14.62

Date Committed: 05 20 1994

this is false information, the 14.62 offense,
committed on 5/20/1994 (is under Docket No. 193586
and the offense was committed on 08091994) see
page: 1 of 1 of prison master record.

4. plaintiff maintains that a review of his prison master record (rap sheet) will reveal all these Errors. See: prison master record (rap sheet) attached As Exhibit-"B"

5. plaintiff further maintains that his release Dates are incorrect and some of the offense Alleged Does not Have A conviction on them. therefore, It's mandatory that His prison master record Be corrected and that He be immediately release from illegal Custody Due to Him being Held over His release Date.

6. the elements of the tort of false imprisonment are (1) detention or imprisonment that is (2) unlawful or not legally Justifiable. Hart v. walker, 720 F.2d 1436, 1439 (5th Cir. 1983); Weisman v. Lelandais, 532 F.2d 308, 311 (2d Cir. 1976

7. Here, for plaintiff wilson Case, He Have been Subject to Cruel and unusual punishment Due to the above listed Defendant(s) not Correcting His prison master record Correct! But instead, Have used All type of "false information"

4.

To keep Him "falsely" imprisonment.

## Relief Requested

8. That I, plaintiff Lacal Wilson #93801 prison master record (rap sheet) be amend to Correct my offender Status and release Date!

9. I, plaintiff Be immediately released from illeg. Confinement / Custody without further delay!

10. That I, plaintiff Be awarded Compasation, and punitive money Damages in the Amount of $500.00 Dollars A Day for every Day I was illegally in Custody with the Department of Corrections!

11. Any and other relief I'm Entitled to by Law But not prayed for in this relief!

Date Filed: July 26, 2010.

Respectfully Submitted By:
s/ Lacal L. Wilson
Lacal Wilson #93801
Camp J Cuda - 3 - R #5
La State penitentiary
Angola, La. 70712

5.

```
NAME: WILSON, LACAL                          DOC #: 00093801
                                                              PAGE  2
                       SENTENCING INFORMATION
PARISH & DKT: STM 232716                         OFFENSE SEQ#: 007
GT ACT: 0138      OFFENDER CLASS: 05   PAROLE ELIG.: N   CS PTR:
OFFENSE:     14:62        001             SENTENCE LENGTH: 0060214
DATE COMMITTED: 06081994

ARREST AND RELEASE INFORMATION:
-----------------------------------------
 ARRESTED                    11102005
 SENT DATE                   11102005
 SENT START                  11102005
```

nace search of corrected

```
                       SENTENCING INFORMATION
PARISH & DKT: STM 230804                          OFFENSE SEQ#: 008
GT ACT: 0138      OFFENDER CLASS: 05   PAROLE ELIG.: N   CS PTR:
OFFENSE:     14:62        002             SENTENCE LENGTH: 0060214
DATE COMMITTED: 05201994

ARREST AND RELEASE INFORMATION:
-----------------------------------------
 ARRESTED                    11102005
 SENT DATE                   11102005
 SENT START                  11102005


ADD'L SENTENCE STM/374567

COMPUTED BY: M WILSON                    DATE: 03/27/06
PRINTED BY.: M WILSON                    DATE: 03/27/06
```

```
                    TIME COMPUTATION & JAIL CREDITS          PG:     2 OF  2
NAME : WILSON, LACAL
CAJ II OFF.#              008                    DOC NUMBER : 00093801
OFF. DATE               05201994
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ARRESTED
BONDED                   11102005
ARRESTED
BONDED
ARRESTED
BONDED
ARRESTED
BONDED
ARRESTED
BONDED
ARRESTED
BONDED
ARRESTED
BONDED
ARRESTED
BONDED
ARRESTED
BONDED
REMANDED
SENT DATE                11102005
SENT START               11102005
PROB/BOND/ESC
ARRESTED
BONDED
ARRESTED
BONDED
REMANDED
REVOKED
REV START
STATUTE            14:62     02
PAR & DKT#       STM  230804
SENT LENGTH(YYYMMDD)     0060214
JAIL CREDIT              000000
AWARD CREDIT            000000
BAL OWED              2266 01232012
GT ACT                   0138
MUST SERV             1133 12172008
OFF.CLASS                05
PAROLE ELG?               N
PAROLE BAL           11330 11172036
CONSECUTIVE FLAG
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                  DBDS : 00000000  RAW DS   : NONE      TOT.
          FTD : LIFE       PED : NOTELG   ADJ. DS  : NONE      LOSS:0000
CONTROLLING OFF.:    09         09                      .09
ST CONTROLLING STACK: 06 07 08 00 00 00 00 00 00 00 00 00 00 00 00
ED GT CREDITS...:000
ED GT EARNED....:  0 DAYS     CUTOFF DATE..: **/**
COMMENTS........: ADD'L SENTENCE STM/374567
NOTE: ALL DATES (APPLICABLE) FOR ROLLOVER ARE ADJUSTED TO 01011992 TOT.ADJ.
COMPUTED BY.....: M WILSON                       03/27/06      MSO
```

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

CASE NUMBER: LSP-2006-1347

SECOND STEP RESPONSE FORM
(HEADQUARTERS)

TO:  <u>WILSON, LACAL    93801</u>                          <u>LSP</u>
        Inmate Name and Number                                      Living Unit

Response to Request Dated      , Received in this Office on   04/22/08:

We have considered your statements in this matter.  A qualified Headquarters staff member has closely
reviewed your ARP to determine the validity of your claim, to assess this particular situation, and to issue
a fair response.

Ms. Menser, an LSP Records Analyst, provided you with a list of all dates of convictions with the charges
which you should be aware of without this explanation. You have six felony convictions, therefore your
record will not be amended in this instance.

The Department of Public Safety and Corrections is authorized to correct and/or amend the DOC record
whenever necessary.  You complain that you were a fourth offender and now the record reflects a sixth
offender.  There is no tampering with the DOC record, as the staff has available criminal histories which
reflect all arrests or convictions.

We concur with the response you already received from the LSP staff and can therefore justify no further
investigation into this matter.  Administrative intervention is not forthcoming.  Relief request is hereby
denied at the Headquarters level.

<u>    5-1-08    </u>                                   <u>   Linda Ramsay    </u>
              Date                                              Secretary's Signature or His Designee

10. Warden Ed. C
Day Jr.

**STATE OF LOUISIANA**
# DEPARTMENT OF CORRECTIONS
**BOARD OF PAROLE**
BATON ROUGE, LOUISIANA

# DIMINUTION OF SENTENCE

## *Know All Men By These Presents:*

Register No. ___93801___ a prisoner in the _____ ~~LACAL WILSON~~

~~DEPARTMENT OF CORRECTIONS/LSP~~

is eligible to be released by diminution of sentence in accor_____ R.S. 15:571.5 and it is ORDERED that the prisoner shall

be released in the same manner as if on parole on _____ 8 _____ 20 _____ , 19 96 .

and that said prisoner remain within the limits of _____ DISTRICT _____ STATE _____ until

___MARCH 12, 1997___ _____ or, _____ action may be taken by the Board of Parole.
DATE

Said prisoner shall report to:

*Parole Specialist — Address*                     *Residence — Address*

JO ANN P. MILLER                    Balance    MAE WILSON (MOTHER)
210 EAST OAK ST.                    owed       HARRISON ST.
BOX 955                             5 months   ODELL, LA.
AMITE, LA. 70422                    22 Days     (504) 606-1153
(504) 748-2013

● GOOD TIME 138

BE IT ALSO KNOWN, that this release is upon the condition that the said prisoner has agreed to observe and perform all and singular the rules and covenants shown on the back hereof, all of which are hereby made and agreed to be conditions precedent to his release, and to observe the following conditions:

☐ AA/NA Meetings _____ per week
☐ Mental Health Evaluation & Treatment
☐ Substance Abuse Evaluation & Treatment
☐ Pay Restitution
☐ Pay Fines and/or Costs of Court
☐ No Contact With Victim(s)
☐ No Contact With Co-Defendant(s)
☐ GED, VO-TECH, or other education plan
☐ Comply with treatment plans in
    Blue Walters Discharge Summary
☐ Other _____

## SEX OFFENDERS MUST:

☐ Register with Sheriff of Parish in which you reside
    (R.S. 15:542)
☐ Comply with conditions of R.S. 15:574.4 (H)..

**THE STATE OF LOUISIANA
DEPARTMENT OF CORRECTIONS**

The above named subject was released on the ___28TH___

day of _____SEPTEMBER_____ 19 96

_____
WARDEN

INSTITUTION COPY

```
DATE: 09/20/96              DPS&C CORRECTIONS SERVICES              TIME: 14:4?
AMENDED: 09/20/96                 MASTER RECORD                       PAGE 1

------------------------------ D E S C R I P T I O N ------------------------------

  DOC NUMBER: 00093801        CURRENT LOC: LSP
  NAME: WILSON, LACAL L                       B/M      DOB........: 10/17/1962

  SID NUMBER: 001066146          FBI NUMBER: 281540DA6      SOC.SEC.#..: 421212772
  HGT.......: 5'08             WEIGHT...: 167           HAIR.......: BLACK
  COMPLEXION: MEDIUM           SHOE SIZE.: 090           EYES.......: BROWN

********************* R E L E A S E    I N F O R M A T I O N *****************

OFFENDER CLASS: 04            GT ACT.: 138
              DN
PED: NOTELG                   DS  ...: 09/20/1996                FTD: 03/12/1997)
                             ADJ.TO.: 09/20/1996

PB ACTION..:                  MS ON TOTAL FTE                 TOTAL SENTENCE
                             TO DATE:                      002YRS/ 07MTH/ 05DAY:
TYPE ACTION:
ACTION DATE:                  ED.GT.CREDIT: 0   DAYS

COMMENTS: REVOKED BY PAROLE BOARD ON 9/20/96.


DETAINER: N   DETAINER INFO:


------------------- O F F E N S E    I N F O R M A T I O N -------------------


  DOCKET    PAR HW SENTENCE                        TERM   HW REV GT   API
  NUMBER    CON CR   DATE   MOD      STATUTE       CN YYYMMDD CR FLG ACT JC!
  ========= === == ======= ===== ==================== == ======= == === === ==:
  193586    STM NA 09/20/96      SIMPLE BURGLARY    01 0020705 NA  X  138 77.
      ORIG.SENT_ .02/19/91    REVOC GTPS TECNICAL        ON 09/20/96
```

```
                                                          PG: 1      OF  2
                    TIME COMPUTATION & JAIL CREDITS
                                             DOC NUMBER : 00093801
NAME : WILSON. LACAL
CAJ.II OFF.#              004
OFF. DATE                10041990
-----------------------------------------------------------------------
ARRESTED                 08091994
BONDED
ARRESTED
BONDED
ARRESTED
BONDED
ARRESTED
BONDED
ARRESTED
BONDED
ARRESTED
BONDED
ARRESTED
BONDED
ARRESTED
BONDED
ARRESTED
BONDED
REMANDED
SENT DATE                09201996
SENT START               09201996
PROB/BOND/ESC
ARRESTED
BONDED
ARRESTED
BONDED
REMANDED
REVOKED         GTPV                                     365
REV START                                                365
STATUTE          14:62           01                      730
PAR & DKT#       STM   193586                             43
SENT LENGTH( YYYMMDD )            0020705                 773
JAIL CREDIT                       000773
AWARD CREDIT                      000000
BAL OWED                  175 03121997
GT ACT                            0138
MUST SERV                -299 11251995
OFF.CLASS                         04
PAROLE ELG?                       N
PAROLE BAL.              3967 08012007
CONSECUTIVE FLAG
-----------------------------------------------------------------------
                                         RAW DS    : 09201996    TOT.
               FTD : 03121997  PED : NOT ELIG  ADJ. DS  : 09201996   FTE :000
CONTROLLING OFF.:      04                    04
ED.GT CREDITS...:000
ED GT EARNED....:  0 DAYS      CUTOFF DATE..: 11/93
COMMENTS........: REVOKED BY PAROLE BOARD ON 9/20/96.
NOTE: ALL DATES (APPLICABLE) FOR ROLLOVER ARE ADJUSTED TO 01011992 TOT.ADJ
COMPUTED BY.....: C BONNETTE                       09/20/96       MS
                    M. Cooperham  9/20/96
```

A-1 #9

LACAL WILSON

We do not have any
detainer on you. Your full
term date is 3/12/97 and your
parole case will expire on that
date.

Phil Cook
Probation & Parole
(504) 748 - 2013

CASE NUMBER: LSP-2006-1347

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)


TO: <u>WILSON, LACAL 93801</u>                    <u>P. J SK. 1/L</u>
                                        Living Quarters


Response to request dated 03/29/2006, received in this office on 04/04/2006

You were convicted of your first offense in 1981 (simple burglary). This made you a first offender. In 1986 you were convicted of simple burglary and illegal possession of stolen things making you a second offender. In 1988 you were again convicted of simple burglary thus making you a third offender. In 1991 you were convicted the fourth time of simple burglary, making you a fourth offender. In 1996 you were convicted a fifth time of another smiple burglary and simple burglary of inhabited dwelling, making you a fifth offender. Then in 2005 you again were convicted of another simple burglary making you a sixth offender.

Your request for administrative remedy is denied.


Prepared by: _____

_____              _____
       Date                            Unit Head


<u>Instructions to Inmate:</u> If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

(✓)   I am not satisfied with this response and wish to proceed to Step Two.

Reason: 193586 Stm WA 9-20-1996, Simple Burglary, 010020705
NAX13877 original. Sent 279791 where did y'all get a
Sixth class offender when I was a class of fourth offender

_____              _____
    5-11-08                     Lacal L Wilson 93801
       Date                     Inmate's Signature   DOC#

```
 1                    R E P O R T E R ' S   C E R T I F I C A T E

 2

 3          I, Lynn V. Nunez, C.S.R., Official

 4    Court Reporter, in and for the Parish of

 5    St. Tammany, State of Louisiana, do hereby

 6    certify that the foregoing testimony was

 7    taken by me on Tuesday, February 19, 1991,

 8    and represents a true, accurate and complete

 9    transcript of said testimony taken on said

10    date before the Honorable Brady

11    M. Fitzsimmons, Judge Presiding, Division

12    "C", to the best of my ability and

13    understanding.

14

15

16                     _____
                       Lynn V. Nunez, C.S.R.
17                     Official Court Reporter

18                     C E R T I F I C A T E   O F   F I L I N G

19

20          I hereby certify that the foregoing

21    transcript has been submitted to the Clerk of

22    Court's Office for filing into the record on

23    the  5th  day of  April        , 1991.

24

25

26                     _____
                       Lynn V. Nunez, C.S.R.
27                     Official Court Reporter
```

SCANNED

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

CASE NUMBER:  LSP-2006-1347

SECOND STEP RESPONSE FORM
(HEADQUARTERS)

TO:  <u>WILSON, LACAL   93801</u>                                    <u>LSP</u>
        Inmate Name and Number                                    Living Unit

Response to Request Dated      , Received in this Office on   04/22/08:

We have considered your statements in this matter.  A qualified Headquarters staff member has closely reviewed your ARP to determine the validity of your claim, to assess this particular situation, and to issue a fair response.

Ms. Menser, an LSP Records Analyst, provided you with a list of all dates of convictions with the charges which you should be aware of without this explanation. You have six felony convictions, therefore your record will not be amended in this instance.

The Department of Public Safety and Corrections is authorized to correct and/or amend the DOC record whenever necessary.  You complain that you were a fourth offender and now the record reflects a sixth offender.  There is no tampering with the DOC record, as the staff has available criminal histories which reflect all arrests or convictions.

We concur with the response you already received from the LSP staff and can therefore justify no further investigation into this matter.  Administrative intervention is not forthcoming.  Relief request is hereby denied at the Headquarters level.

_____<u>5-1-08</u>_____                                 _____<u>Linda Ramsay</u>_____
Date                                                        Secretary's Signature or His Designee

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO:  WILSON, LACAL 93801                J CUDA 3/R
                                        Living Quarters

Response to request dated 07/26/2010, received in this office on 07/27/2010

In determining offender classification, an offense will be counted as a new offense only when committed after conviction for the previous offense.  You can only be a second offender after having committed a second offense after having been convicted of a first offense; a third offender after having committed a third offense after having been convicted of a second offense, etc.  You are a sixth offender.  You committed and were convicted of the below crimes:
1 - committed simple burglary, arrested 6/4/80, sentenced 2/17/81 - STM/80967
2 - committed attempted simple burglary of auto, arrested 10/02/84, sentenced 1/15/86 - STM/131944 & STM/135233
3 - committed simple burglary, arrested 8/13/87, sentenced 3/17/88 - STM/165598
4 - committed simple burglary, arrested 10/4/90, sentenced 2/19/91 - STM/193586
5 - committed simple burglary, arrested 5/20/94, sentenced 11/12/96 - STM/232715 & STM/232716
6 - committed simple burglary, arrested 12/5/02, sentenced 11/10/05 - STM/374567

The arrest date of your violator sentences (232715 & 232716) are the same as your sentencing date because you do not get jail credit on this docket as the judge was silent as to how your new charge was to run with your parole violator sentence, therefore, it was run consecutive as is department policy.  All jail credit went to the new offense.

The bill of information provided by the Clerk of Court for docket 230804 states that the crime was committed on 5/20/1994.  This is the document we must go by.
This office is in possession of the bill of information and sentencing minutes for all dockets on your master prison record.
This office has reviewed your master prison record and found that the information contained on your master is correct in accordance with the documents in our possession.  Your release date remains LIFE. Your request for administrative remedy is denied.

Prepared by:  _Ann Menser_
               Ann Menser, Records Analyst

_____            _____
           Date                                    Unit Head

Instructions to Inmate:  If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

( ✓ )  I am not satisfied with this response and wish to proceed to Step Two.

Reason: _the info That The record office's hAs provided is defective no good is incorrect Tamper with the master prison, still classified As Fourth offender The charges cAnnot Be used As new offenses, no: LSP-2006-1347_

_8-12-10"_
_____          _Lacal L. Wilson_
       Date                  Inmate's Signature   DOC#

CASE NUMBER: LSP-2006-1347

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: <u>WILSON, LACAL 93801</u>                    <u>P. J SK. 1/L</u>
                                                  Living Quarters

Response to request dated 03/29/2006, received in this office on 04/04/2006

You were convicted of your first offense in 1981 (simple burglary). This made you a first offender. In 1986 you were convicted of simple burglary and illegal possession of stolen things making you a second offender. In 1988 you were again convicted of simple burglary thus making you a third offender. In 1991 you were convicted the fourth time of simple burglary, making you a fourth offender. In 1996 you were convicted a fifth time of another smiple burglary and simple burglary of inhabited dwelling, making you a fifth offender. Then in 2005 you again were convicted of another simple burglary making you a sixth offender.

Your request for administrative remedy is denied.

Prepared by: _Anna Moreau_ _____ (MD)

_4/11/08_
_____
Date

_____
Unit Head

<u>Instructions to Inmate:</u> If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

(✓) I am not satisfied with this response and wish to proceed to Step Two.

Reason: _The Department of corrections, Tamper with my origiona raster prison rap-sheet, I discharge on 9-20-1996 as an fourth ffender, still classified as an fourth offender, my whole rap-sheet don't resist, you could see as the rap-sheet been Tamper with by ms. Ann tenser,_

_4-15-08_
_____
Date

_Lacal wilson 93801_
_____
Inmate's Signature   DOC#

# MEMO
# RECORDS OFFICE

R 11

**To:**      Lascal Wilson  #93801          D- Hwk 3
~~Camp C Tiger U-13~~

**From:**    Ann Menser      Amenser
             Records Office

**Subject:**  Time Computation

**Date:**    January 24, 2006

I am in receipt of your letters.  We do not copy old master prison rap sheets – only your current rap sheet can be sent to you.  At this time your file is being researched.  Upon completion, you will be sent a new master prison record.

If you feel there is an error with the Parole Board, St. Tammany Parish Jail, and the Court House, you will need to address the issue with them.

/am

# 22nd JUDICIAL DISTRICT PUBLIC DEFENDER

**SAINT TAMMANY AND WASHINGTON PARISHES**
John R. Simmons, Jr., Director & Chief Public Defender

| **ST. TAMMANY PARISH** | **SLIDELL CITY COURT DIVISION** | **WASHINGTON PARISH** |
|---|---|---|
| 402 North Jefferson St. | 636 Gause Blvd., Suite 203 | 919 A.  Washington St. |
| Covington, LA 70433 | Slidell, LA 70458 | Franklinton, LA 70438 |
| Phone: (985) 892-5002 | Phone: (985) 643-2747 | Phone: (985) 839-2245 |
| Fax:    (985) 898-0102 | Fax:    (985) 643-2746 | Fax:    (985) 839-5412 |

March 14, 2008

Lacal Wilson
Camp – J – Shark 1-L-3
Louisiana State Penitentiary
Angola, LA 70712

Dear Mr. Wilson:

Prior to trial, I advised the evidence against you in all likelihood would lead to your conviction and I advised you should take the plea agreement that was offered. I further advised you, if convicted you could face a life sentence. Despite this advice, you proceeded to trial and lost. I tried the case to the best of my abilities and there is nothing more I could have done and can presently do. If you need any paper work, I will forward it to you; however, in the future I will not respond to any personal attacks you may make against me.

Sincerely,

James G. Burke III

LACAL WILSON                              *  NO. 568-029   SECTION:  8

                                          *  19TH JUDICIAL DISTRICT COURT

VS.                                       *  PARISH OF EAST BATON ROUGE

                                          *  STATE OF LOUISIANA

N. BURL CAIN, ET AL


### COMMISSIONER'S RECOMMENDATION


     The petitioner filed the instant request for relief pursuant to R.S. 15:1177 seeking judicial review of the final agency decision rendered under Administrative Remedy Procedure No. LSP- 2006-1347.   The petitioner complains that the Department has incorrectly classified him as a sixth felony offender on his master prison record. The petitioner alleged he had only four prior felony convictions.  The petitioner's request for monetary damages and termination of Department of Corrections' employees was dismissed in a screening judgment rendered by this Court on August 5, 2008. This matter was set for oral argument at LSP-Angola on this date.  Notice of the oral argument was sent to both parties and counsel for the defendants did not appear. There was apparently some confusion regarding whether counsel from the Attorney General still represented the defendants after the petitioner's claim for monetary relief was dismissed and this matter proceeded to judicial review. This Commissioner allowed the petitioner to present his oral argument and found that the defendants waived oral argument.

     This Commissioner notes that the administrative responses, contained in the administrative record, indicate the petitioner had six prior felony convictions. There is no documentation in the administrative record to indicate how many times the petitioner has been convicted of felony offenses. In fact the administrative record contains only the petitioner's initial complaint and the two administrative responses issued by the Department. The issue in dispute in this

1

matter is whether the petitioner has four or six felony convictions. The administrative record should contain some documentation from the petitioner's trial courts that would indicate how many times the petitioner has been convicted of felony grade offenses.

Accordingly, it is the recommendation of this Commissioner that this matter be remanded back to the Department for reconsideration of the petitioner's claim within thirty days. If not satisfied with the response issued by the defendants following remand, the petitioner should file a request for judicial review within the 30 day time period provided by R.S. 15:1177(A). All court costs incurred in this particular matter should be paid by the defendants.

Respectfully recommended this _____ day of _____ , 2009.

JOHN M. SMART, JR.
COMMISSIONER, SECTION B
19TH JUDICIAL DISTRICT COURT

**FILED**

JUN 08 2009
_Brenda Suik_
DEPUTY CLERK OF COURT

I HEREBY CERTIFY THAT ON THIS DAY A COPY OF THE WRITTEN REASONS / JUDGMENT / ORDER (COMMISSIONER'S RECOMMENDATION) WAS MAILED BY ME WITH SUFFICIENT POSTAGE AFFIXED TO: ALL PARTIES NOTIFIED
DONE AND SIGNED ON _6/17/09_
_Brenda Suik_
DEPUTY CLERK OF COURT



~Acal Lucky Wilson #93801
Camp-J- Gator-4-L-5 LA, State
Penitentiary, LA, 70712

Clerk's offices!
MS. Loretta Whyte
u.S. District State Court
Eastern District of Louisiana,
New Orleans, LA, 70130;

Legal
mail