UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LACAL LUCKY WILSON, 093801** | **CIVIL ACTION NO. 10-161** |
| **VERSUS** | **SECTION "I"** |
| **N. BURL CAIN, WARDEN LOUISIANA STATE PENITENTIARY** | **MAGISTRATE (2)** |

### SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO AMENDMENT TO APPLICATION FOR HABEAS CORPUS

**MAY IT PLEASE THE COURT:**

This Memorandum is filed on behalf of Water Reed, District Attorney for the Parish of St. Tammany, State of Louisiana in opposition to the amendment filed by petitioner to his application for habeas corpus relief as allowed by this Court's Order signed on December 7, 2010.

### This Action is Untimely

The State maintains its position as argued in its previous filings herein that this action is untimely.

**Exhaustion of State Remedies**

28 U.S.C. 2254(b)(1)(A) provides that an application for writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a state court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state. The exhaustion requirement is satisfied if a petitioner has fairly presented the substance of his claims to the state courts. *See also* Alexander v. Johnson, 163 F.3d 908 (5th Cir. 1998), which held that a habeas petition containing both exhausted and non-exhausted claims is a mixed petition which should be dismissed without prejudice.

Petitioner raises three claims in his amendment, two in the document entitled "Application for Writs of Habeas Corpus" and one in the document entitled "Amended Application for Writ of Habeas Corpus": (1) that prosecution was untimely (2) he was mentally incompetent to proceed to trial and (3) his counsel was ineffective for allowing him to plead guilty to defective bills of information. The first two issues were raised to the state district court in a post-conviction motion to quash filed on April 14, 2008 and denied on April 16, 2008. The third issue was raised to the state district court in a post-conviction motion to correct illegal sentence filed on August 3, 2007 and denied on August 8, 2007. However, it does not appear that any of these issues were presented to the First Circuit Court of Appeal in the subsequently filed writ applications, docket nos. 2007 KW 2089 or 2008 KW 2034. The writ application filed in docket no. 2007 KW 2089 was a request for a sanity hearing. The only judgment sought to be reviewed in docket no. 2008 KW 2034 was the district court's denial of petitioner's application for post conviction relief, which was denied

on June 4, 2008. Accordingly, the State submits that these claims have not been exhausted in state court and must be dismissed for this reason, in the event this Court does not dismiss this action as untimely.

**Petitioner's Claims**

With regard to the merits of petitioner's claims herein, the State submits that none of these claims asserts a violation of the Constitution or laws or treaties of the United States. At best, petitioner asserts breaches of state law, but cites no jurisprudence of the United States Supreme Court deciding a materially indistinguishable case differently.

This Petition for Writ of Habeas Corpus was filed pursuant to 28 U.S.C. 2254, which provides that an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall only be entertained on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. A federal court may grant a writ of habeas corpus only if a state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the United States Supreme Court has on a set of materially indistinguishable facts. Absent such a direct conflict with the United States Supreme Court, the writ of habeas corpus is available only if the state court unreasonably applies clearly established federal law, as determined by the United States Supreme Court, to the facts of the prisoner's case, or makes an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The standard is one of objective reasonableness. Montoya v. Johnson, 226 F.3d 399 (5th Cir. 2000). Furthermore, state court

factual determinations shall be presumed correct unless rebutted by "clear and convincing evidence".  Williams v. Cain, 125 F.3d 269 (5th Cir. 1997).  A federal district court need not conduct an evidentiary hearing if the state record is sufficient to dispose of the issues.  Joseph v. Butler, 838 F.2d 786 (5th Cir. 1988).

While the State submits these claims fail under the federal habeas standard of review, the State further asserts that the claims also fail factually and under applicable state law. With regard to the issue of competency, petitioner argues he was found incompetent in 1995 in a prior case.  However, the record reflects that in the case at issue herein, a lunacy hearing was held on July 14, 2004, and defendant was adjudged competent to proceed to trial.  (State court record at p. 7).  Accordingly, there is no factual basis to support his claim that he was incompetent to proceed to trial in 2004.

With regard to the time limitations, the basis of petitioner's argument is unclear, as he refers to his prior release from prison in 1996.  According to the record of the proceeding at issue, the offense occurred on December 2, 2003, and the criminal proceedings were instituted by bill of information filed on January 6, 2004.  Pursuant to La.C.Cr.P. art. 578, in felony cases other than capital cases, the State has two years from the date of institution of the prosecution in which to commence the trial. Pursuant to La. C.Cr.P. art. 580, when a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by art. 578 shall be suspended until the ruling of the court thereon, but in no case shall the state have less than one year after the ruling to commence the trial. Courts have held that, for purposes of La. C.Cr.P. art. 580, a preliminary plea is any pleading

or motion filed by a defendant that delays trial, which includes motions to quash, motions to suppress, applications for discovery, bills of particular and motions for continuances. State v. Lathan, 953 So.2d 890 (La. App. 2 Cir. 2007); State v. Allen, 871 So.2d 1097 (La. 2004). In this case, numerous motions were filed by defendant suspending the time limitations, and the conviction of defendant was clearly within the time delays allowed by law.

With regard to his claim that his counsel *in prior cases* was ineffective for allowing him to plead guilty to defective bills of information, the State submits that petitioner may not use this habeas proceeding to collaterally attack any of his prior convictions. Once a state conviction is no longer open to direct or collateral attack in its own right either because the defendant failed to pursue those remedies while they were available or because the defendant did so unsuccessfully, the conviction may be regarded as conclusively valid, and if that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Lackawanna County District Attorney v. Coss, 532 U.S. 394, 403-04, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001).

## **CONCLUSION**

For the foregoing reasons, the State respectfully submits that petitioner's amended Application for Habeas Corpus Relief be dismissed.

                Respectfully submitted:

By:    s/Kathryn Landry_____
        KATHRYN LANDRY, Bar No. 19229
        P. O. Box 82659
        Baton Rouge, LA 70884
        Telephone: (225) 766-0023
        Facsimile: (225) 766-7341

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO AMENDMENT TO APPLICATION FOR HABEAS CORPUS has been mailed to the opposing party herein:

Lacal Lucky Wilson #093801
TU Upper D - Cell #8
Louisiana State Penitentiary
Angola, LA 70712

Baton Rouge, Louisiana this 4th day of January, 2010.

                s/Kathryn Landry_____
                KATHRYN LANDRY