# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LACAL LUCKY WILSON** | **CIVIL ACTION** |
| **VERSUS** | **No. 10-161** |
| **N. BURL CAIN, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is *pro se* prisoner Lacal Lucky Wilson's ("Wilson") motion[1] for relief pursuant to Federal Rule of Civil Procedure 60(b). Because the Court finds Wilson's motion to be a second or successive habeas application for which no authorization has been granted, Wilson's motion shall be transferred to the United States Court of Appeals for the Fifth Circuit.

### I.

On March 15, 2005, a jury found Wilson guilty of simple burglary in violation of La. Stat. Ann. § 14:62.[2] Under the Louisiana Habitual Offender Law, La. Stat. Ann. § 15:529.1, on November 10, 2005, Wilson was adjudicated a fourth felony offender and sentenced by a state trial court to life in prison without parole.[3] Wilson appealed, and the Louisiana First Circuit Court of Appeal affirmed his conviction, habitual offender adjudication, and sentence on November 3, 2006.[4] Wilson's conviction became final on December 3, 2006, or the next business day, December 4, 2006,

---

[1] R. Doc. No. 47.
[2] R. Doc. No. 31, at 2.
[3] *Id.*
[4] *State v. Wilson*, No. 2006 KA 0652, 2006 WL 3107814, at *1, 2006-0652 (La. App. 1 Cir. 11/3/06).

1

because he did not seek reconsideration of his sentence, file a notice of appeal, or otherwise seek review in the Louisiana Supreme Court.[5] *See Roberts v. Cockrell*, 319 F.3d 690, 694–95 (5th Cir. 2003).

After Wilson's conviction became final, Wilson filed his first petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[6] Wilson claimed that he was denied effective assistance of counsel because his trial attorney failed to file a motion to suppress a "suggestive show-up identification" of Wilson as the perpetrator of the burglary, failed to cross-examine inconsistencies in testimony by state witnesses describing the perpetrator, and failed to move for a competency determination.[7]

After the state filed an answer and memorandum in opposition to Wilson's § 2254 petition,[8] Wilson moved to amend his petition to add additional claims.[9] Wilson's new claims asserted that his guilty plea in connection with a 1996 conviction for simple burglary, which was taken into account with respect to his 2005 habitual offender adjudication, was unconstitutionally obtained because: (1) the applicable state law statute of limitations had expired, and (2) he was incompetent to enter into the guilty plea.[10] Wilson also argued that his counsel was ineffective for "having

---

[5] R. Doc. No. 31, at 4.
[6] R. Doc. No. 1.
[7] *See id.* at 12–14; R. Doc. No. 31, at 8–9.
[8] R. Doc. Nos. 11 & 12.
[9] R. Doc. No. 22.
[10] *Id.* at 1.

2

[Wilson] pled [sic] guilty to defective bills of information" and permitting his 1996 guilty plea to be used in his habitual offender adjudication.[11]

The United States Magistrate Judge concluded that Wilson was not entitled to habeas relief.[12] On procedural grounds, the Magistrate Judge determined that Wilson had not exhausted available state court remedies for the entirety of his claims.[13] *See Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017); 28 U.S.C. § 2254(b)(1)(A). Notwithstanding, the Magistrate Judge also determined that dismissing Wilson's habeas petition without prejudice to allow him to first exhaust his state court remedies would be a "vain and useless act" because Wilson's petition did not warrant habeas relief on the merits.[14]

The Court agreed with the report and recommendation of the Magistrate Judge and overruled Wilson's objections thereto.[15] On May 20, 2011, the Court denied and dismissed with prejudice Wilson's first § 2254 petition.[16] The Court also denied Wilson's application for a certificate of appealability.[17]

Wilson then applied for a certificate of appealability from the United States Court of Appeals for the Fifth Circuit in order to appeal this Court's denial of relief on his § 2254 petition.[18]

---

[11] *Id.* at 2.
[12] R. Doc. No. 31.
[13] *Id.* at 20–21.
[14] *Id.* at 22.
[15] R. Doc. No. 33; *Wilson v. Cain*, No. 10-161, 2011 WL 1980327, at *1 (E.D. La. May 20, 2011).
[16] *Id.*
[17] R. Doc. No. 35.
[18] R. Doc. No. 41.

3

Over six years later, Wilson filed a second appeal to the Fifth Circuit, again seeking relief from this Court's denial and dismissal of his first § 2254 petition and denial of a certificate of appealability.[19] Because of Wilson's untimeliness, the Fifth Circuit dismissed Wilson's appeal for lack of jurisdiction.[20]

Wilson filed the instant motion for relief in December 2019, asserting two claims. First, pursuant to Federal Rule of Civil Procedure 60(b)(3), that the state court committed fraud when it "averred that [Wilson]'s 1996 simple burglary conviction was obtained with a valid plea of guilt when, in fact, it was not."[21] Second, pursuant to Federal Rule of Civil Procedure 60(b)(2), that Wilson obtained "newly discovered evidence" in June 2019 in the form of transcripts for proceedings related to his 1996 "insanity plea."[22]

## II.

Federal Rule of Civil Procedure 60(b) provides several grounds for relief from a final judgment or order. As it pertains to Wilson's motion, Rule 60(b)(2) authorizes relief for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time for a new trial under Rule 59(b)," and Rule 60(b)(3) authorizes relief for "fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b).

---

[19] R. Doc. No. 45.
[20] R. Doc. No. 46; *Wilson v. Vannoy*, No. 17-30977 (5th Cir. March 27, 2018).
[21] R. Doc. No. 47, at 9.
[22] *Id.*

4

"When faced with a Rule 60(b) motion filed in response to the denial of an application for habeas relief, the district court must first determine whether the petitioner is only seeking Rule 60(b) relief or is attempting to file a second or successive habeas application." *Webb v. Davis*, 940 F.3d 892, 897 (5th Cir. 2019) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005)). "Because of the comparative leniency of Rule 60(b), petitioners sometimes attempt to file what are in fact second-or-successive habeas petitions under the guise of Rule 60(b) motions." *In re Edwards*, 865 F.3d 197, 203 (5th Cir.), *cert. denied sub nom. Edwards v. Davis*, 137 S. Ct. 909 (2017). Courts must distinguish between motions under Rule 60(b) and petitions seeking relief under 28 U.S.C. § 2254 to ensure that petitioners do not use Rule 60(b) to "make an end-run around AEDPA's exacting procedural requirements." *United States v. Patton*, 750 F. App'x 259, 263 (5th Cir. 2018) (citing *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010)).

Federal habeas review is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which limits the circumstances under which a state prisoner may file a second or successive application for habeas relief. A habeas petition is successive when it raises a claim "that was or could have been raised in an earlier petition." *Edwards*, 865 F.3d at 204 (quoting *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008)). In order to file a second or successive § 2254 petition in the district court, a prisoner must first obtain authorization from the court of appeals. 28 U.S.C. § 2244(b)(3)(A).

Pursuant to AEDPA, a claim presented in a second or successive application under 28 U.S.C. § 2254 that was not presented in a prior application must be dismissed unless the following criteria are satisfied:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

A motion for relief is properly brought under Rule 60(b) if the movant "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Edwards*, 865 F.3d at 205 (quoting *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014)). To succeed on a Rule 60(b) motion in a federal habeas proceeding, the movant must show "a non-merits-based defect in the district court's earlier decision on the federal habeas petition." *Id.* (citing *Ballantine v. Thaler*, 626 F.3d 842, 847 (5th Cir. 2010)). A Rule 60(b) motion is not considered a second or successive habeas petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532.

6

By contrast, a "purported Rule 60(b) motion should be construed as a successive habeas application when it raises a new theory of relief or disputes the district court's substantive resolution of a claim." *Webb*, 940 F.3d at 897–98 (citing *Gonzalez*, 545 U.S. at 532). If a Rule 60(b) motion "(1) presents a new habeas claim (an 'asserted federal basis for relief from a state court's judgment of conviction'), or (2) 'attacks the federal court's previous resolution of a claim on the merits,' . . . then it should be treated as a second-or-successive habeas petition and subjected to AEDPA's limitation on such petitions." *Edwards*, 865 F.3d at 203–04 (quoting *Gonzalez*, 545, U.S. at 530, 532). "A district court resolves habeas claims on the merits when it makes 'a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254 (a) and (d).'" *Webb*, 940 F.3d at 898 n.1 (quoting *Gonzalez*, 545 U.S. at 532 n.4)).

### III.

Wilson's motion for relief is a successive § 2254 petition for which no authorization has been granted. Although Wilson brings his motion pursuant to Rule 60(b)(2) and Rule 60(b)(3), he raises merits-based, rather than procedural, arguments as grounds for relief. As the Fifth Circuit has explained, a motion styled as a Rule 60(b) motion that presents "an asserted federal basis for relief from a state court's judgment of conviction" should be treated as a successive § 2254 petition. *Edwards*, 865 F.3d at 203–04 (citing *Gonzalez*, 545 U.S. at 530).

Wilson's claim under Rule 60(b)(3)—that the state court "committed fraud" in using his 1996 guilty plea to enhance his sentence as a habitual offender—presents

7

a substantive theory of relief from his life sentence.[23] Specifically, Wilson asserts that the state court "unlawfully and erroneously" used his 1996 simple burglary conviction to enhance his sentence because that conviction was not obtained with a valid guilty plea.[24] Wilson further contends that absent such conviction, he would not have been eligible for a term of life imprisonment.[25]

Wilson's argument is grounded in substance, not procedure. *See In re Coleman*, 768 F.3d 367, 372 (5th Cir. 2014). He does not challenge "some defect in the integrity of the federal habeas proceedings" or a previous ruling that precluded a merits determination, which would be appropriately brought in a Rule 60(b) motion. *Gonzalez*, 545 U.S. at 532. Instead, Wilson presents a basis for relief on the merits, which should be treated as a claim for relief under § 2254. *See id.*

Wilson's claim for relief under Rule 60(b)(2)—that transcripts he recently obtained constitute "newly discovered evidence" to invalidate his 1996 guilty plea— also challenges the merits of his state habitual offender conviction.[26] According to Wilson, he informed his counsel that his 1996 burglary conviction "ended with an 'insanity plea,'" and his counsel "assured [Wilson] that he would conduct a thorough investigation into the matter."[27] However, Wilson alleges, his counsel was unable to obtain the transcripts from Wilson's 1996 proceedings to "build a defense against the

---

[23] R. Doc. No. 47, at 9.
[24] *Id.*
[25] *Id.*
[26] *Id.* at 10.
[27] *Id.*

8

Habitual Offender bill of information."[28] Wilson now asks the Court for leave to present this "newly discovered evidence."[29]

This request explicitly "ask[s] for a second chance to have the merits determined favorably." *Edwards*, 865 F.3d at 205. Wilson's claim with respect to the recently-obtained transcripts is fundamentally substantive, not procedural, as he argues that the presence of such evidence would have changed the outcome of the state court's determination. *See id.* ("[A]rguments about counsel's failure to discover and present particular arguments sound[ ] in substance, not procedure."). As such, Wilson's claim is subject to AEDPA's limitations on second or successive habeas applications.

Because Wilson raises substantive claims for relief, his motion constitutes a second or successive habeas application that has not been authorized by the Fifth Circuit.[30] *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007).

### III.

Accordingly,

**IT IS ORDERED** that the motion is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

---

[28] *Id.*

[29] *Id.*

[30] Because the Court finds that Wilson's motion is a second or successive habeas application, it will not address whether Wilson's motion was timely filed pursuant to Federal Rule of Civil Procedure 60(c)(1), which requires that a motion under Rule 60(b)(2) and 60(b)(3) be filed no more than one year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1).

9

New Orleans, Louisiana, February 14, 2020.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**